W. M. McINTYRE v. T. J. MURPHY, *Manager*, ET ALS.

(Filed 15 April, 1919.)

**Cities and Towns — Ordinances — Statutes — Meat Market — Discretionary Powers—Courts.**

> An ordinance of a city providing, among other things, that no permit shall issue for conducting a meat market therein unless the city manager is satisfied that the applicant is of good moral character, and that the business shall be conducted in such manner as not to create a nuisance, passed in pursuance of its charter authorizing the city to exact and enforce all ordinances necessary to protect the health, life, and property of its inhabitants, is valid, and where the manager has refused an applicant for a meat market at a certain location and the city council has

passed thereon in pursuance of the ordinance, with approval, the courts will not set it aside and order a reconsideration where the discretion conferred has not been capriciously or arbitrarily exercised. Where the character and efficiency of the applicant is unquestioned, objection that the business itself not being a nuisance, the license should have been granted, is untenable, for to conduct it at the place selected might create one on account of its environment, which is a matter left to the discretion of the proper city authorities.

APPEAL by plaintiff from *Adams, J.,* at May Term, 1918, of GUILFORD.

This is an action against the city manager and city council of High Point for a *mandamus* to require the issuance to the plaintiff of a license to operate a meat market upon the payment of the amount required in the ordinances for such licenses, at No. 115 on South Main Street in said town. The judge found the facts as set out in the record and refused to order the license to issue. Appeal by plaintiff.

*T. J. Gold, W. P. Bynum, and R. C. Strudwick for plaintiff.*
*Dred Peacock for defendants.*

CLARK, C. J. The plaintiff applied to the defendant Murphy, the city manager, for license to conduct a meat market at No. 115 South Main Street, in High Point. A petition against the grant of said license was filed by seventy-six citizens of the town, and the city manager referred the application to the city council as authorized by the city ordinance. The judge finds as a fact that the city council at a meeting regularly and duly held, and after hearing the evidence, refused to grant the license. The judge finds that the plaintiff is a man of good moral character, and is an experienced and efficient market man. The city council refused the license under the provisions of section 6 of the ordinances, which provides that no license shall issue to engage in any trade or business mentioned in that section if the applicant does not possess a good moral character or if the business will be a nuisance. The council evidently found the latter point against the applicant.

The court further found as a fact that "Neither the city manager nor the city council acted arbitrarily or in abuse of the discretion vested in them as officers of said city." There was evidence in the record supporting such finding.

The judge held properly, as a conclusion of law, that the city manager and city council were vested with the sound legal discretion to grant or refuse the license applied for, and that having refused in the exercise of such discretion to issue a license to the plaintiff to conduct a meat market at the point desired by him, the court, in the absence of evidence of arbitrariness, would not compel them to issue the license.

The charter of High Point, Laws 1909, ch. 395, sec. 5, authorized that town to enact and enforce all ordinances necessary to protect the health, life, and property of the inhabitants of that city, not inconsistent with the laws of the State. The ordinances vested the power to grant or refuse licenses for the purpose asked by the plaintiffs in the city manager, with authority to refer an application in case of doubt to the city council.

The granting or refusing license to retail meats is an exercise of the police power of the city. *S. v. Bean,* 91 N. C., 554. While there must be no arbitrary discrimination in the exercise of such power, the city is authorized to say where the market may be located, having due regard to the appropriateness of the locality and whether or not it would be a nuisance at the point desired. *Hutchins v. Durham,* 118 N. C., 457. The city would also be authorized to reject an application if the party was not of good character or was inefficient for the business, but no question of that kind occurs in this case.

The plaintiff places his appeal chiefly upon the ground that ordinance 6 provides that no permit shall issue unless the city manager is satisfied that the applicant is of good moral character and that the business will be conducted in such a manner as not to create a nuisance, and contends that as the plaintiff is a man of good character, and the business is legitimate that it cannot be conducted as a nuisance. This is erroneous, for the city council found, upon the protest of a large number of citizens, that the location of the meat market in the very heart of the retail business district of the city would be a nuisance notwithstanding the good character of the applicant and the necessary nature of the business.

While the courts will compel an officer to exercise his discretion in passing upon an application, or if his action is found to be capricious or arbitrary the court will set his action aside and require a reconsideration, it will not direct that the city authorities shall locate a market at any designated point which will be a nuisance. That would be to substitute the courts for the duly elected authorities of the city.

Upon the findings of Judge Adams, the *mandamus* was properly refused.

Affirmed.