G. W. BRADDY v. CITY OF WINSTON-SALEM ET AL.

(Filed 2 July, 1931.)

**Mandamus A b—Mandamus lies only to enforce clear legal right.**

Mandamus lies only to enforce a clear legal right, and the writ will be denied when the application therefor fails to show this right on the part of the plaintiff demanding it.

APPEAL by plaintiff from *Finley, J.,* at Chambers in Winston-Salem, 1 August, 1930. From FORSYTH.

Application for writ of mandamus to require the respondents to issue to the plaintiff a building permit to erect a filling station on a lot owned by him in the city of Winston-Salem.

From an order denying application for writ of mandamus and dismissing the action, plaintiff appeals, assigning errors.

*George W. Braddy for plaintiff.*
*Parris & Deal for defendants.*

STACY, C. J. Plaintiff assails the validity of the city ordinance which forbids the erection of a filling station on his lot. While the matter was pending, and before hearing in the Superior Court, another ordinance was adopted which is also pleaded in bar of plaintiff's right to the remedy sought. Without undertaking a minute analysis of these ordinances as applicable to plaintiff's lot, which would serve no useful purpose as a precedent or otherwise, suffice it to say the application for writ of mandamus was properly denied for want of a clear showing of right on the part of the plaintiff to demand it. *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169. Mandamus lies only to enforce a clear legal right. *Cody v. Barrett,* 200 N. C., 43, 156 S. E., 146; *Umstead v. Board of Elections,* 192 N. C., 139, 134 S. E., 409; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481. In some respects, the case of *Refining Co. v. McKernan,* 179 N. C., 314, 102 S. E., 505, is not unlike the one at bar.

Affirmed.