SPUR DISTRIBUTING COMPANY v. CITY OF BURLINGTON ET AL.

(Filed 16 June, 1939.)

Municipal Corporations § 40: Mandamus § 1—Mandamus will not lie to compel issuance of building permit in violation of municipal ordinance.

> *Mandamus* confers no new authority, but lies only at the instance of a party having a clear legal right to demand it, against a person under clear legal obligation to perform the act sought to be enforced, and therefore *mandamus* should be denied upon application of a party seeking issuance of a building permit for a filling station which it admits will be in direct violation of an ordinance of defendant municipality.

APPEAL by respondents from *Sinclair, Emergency Judge,* at January Term, 1939, of ALAMANCE.

Application for writ of *mandamus* to require the respondents to issue to applicant building permit for construction and operation of filling station with underground supply tank of 15,000-gallon capacity on lot of land leased by applicant in city of Burlington.

In its complaint the applicant alleges: "That plaintiff proposes to erect a modern filling station in a proper manner, complying with the building regulations and ordinances of the city of Burlington and the laws of the State of North Carolina."

Pending the action, the board of aldermen of the defendant city passed an ordinance making it unlawful to transport into or through the fire limits of the city of Burlington by motor vehicle, motor truck or motor

DISTRIBUTING CO. *v.* BURLINGTON.

truck and trailer or to unload or deliver within said limits from any railroad tank car or other type or kind of vehicle, gasoline, naptha, etc., or other inflammable or explosive oil derivatives in quantities of more than 1,200 gallons.

"Plaintiff admits that its proposed method of unloading gas to be dispensed at its filling station will be in direct violation of the aforementioned ordinance." It contends, however, that the ordinance is void for arbitrariness.

The trial court held the ordinance to be void in accordance with applicant's contention, and ordered respondents to issue to applicant permit for construction and operation of filling station "according to the plans proposed and submitted to the city authorities of the city of Burlington."

From this order the defendants appeal, assigning error.

*Tompkins & Tompkins and Long, Long & Barrett for plaintiff, appellee.*

*Cooper & Sanders and W. Clary Holt for defendants, appellants.*

STACY, C. J. The question for decision is whether *mandamus* will lie to require the issuance of a building permit in violation of an ordinance. The answer is "No." *Braddy v. Winston-Salem,* 201 N. C., 301, 159 S. E., 310; *Refining Co. v. McKernan,* 179 N. C., 314, 102 S. E., 505.

In the instant case, it is enough to say the writ should have been denied, or limited to a lawful permit, for want of a clear showing of right on the part of the applicant to demand it. *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169. *Mandamus* lies only to enforce a clear legal right. *Cody v. Barrett,* 200 N. C., 43, 156 S. E., 146.

The admission by applicant that "its proposed method of unloading gas . . . will be in direct violation of the city ordinance" defeats its right to the peremptory *mandamus* which it here seeks, albeit its right to a permit to construct and operate a lawful filling station is neither denied nor resisted by the respondents. *Mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have a clear legal right to demand it, and the party to be coerced must be under a legal obligation to perform the act sought to be enforced. *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *Missouri v. Murphy,* 170 U. S., 78.

The power to enact regulatory ordinances for the safety and protection of the public is not to be forestalled or foreclosed by specific writs of *mandamus.* *Wake Forest v. Medlin,* 199 N. C., 83, 154 S. E., 29.

Error and remanded.