I. ORNOFF, TRADING AS DURHAM IRON & METAL COMPANY, v. CITY OF DURHAM AND R. A. SORRELL, TAX COLLECTOR FOR CITY OF DURHAM.

(Filed 5 June, 1942.)

**1. Appeal and Error § 2—**

An appeal from the refusal of a motion for judgment on the pleadings is fragmentary and premature and will be dismissed.

**2. Pleadings § 20—**

Upon demurrer *ore tenus* an objection to the refusal of the court to 'permit defendant to introduce evidence cannot be sustained, since only matters presented in the pleadings will be considered on demurrer.

**3. Municipal Corporations § 37—**

Under the municipal zoning ordinance in question, which provided that any nonconforming uses existing at the time of the passage of the ordinance might be continued, *it is held*, the municipal board of adjustment has no power to regulate nonconforming uses which existed at the time of the passage of the ordinance and therefore the provision of the ordinance granting the right of review by *certiorari* to the board of adjustment has no application to businesses falling within the proviso.

**4. Same: Mandamus § 2a—**

Where a zoning ordinance provides that any nonconforming use existing at the time of its passage may be continued, the duty of the municipal tax collector to issue a license to a nonconforming business existing at the time of the passage of the ordinance is purely ministerial and not discretionary or *quasi*-judicial, and *mandamus* will lie to compel the performance of such duty.

**5. Mandamus § 2e—**

Where a zoning ordinance provides that any nonconforming use existing at the time of its passage may be continued, the municipal board of adjustment has no jurisdiction over businesses coming within the proviso, and therefore when a person claiming to come within the proviso is denied license, the contention of the city that he cannot maintain suit for *mandamus* because of the existence of an adequate remedy at law by *certiorari* to the board of adjustment, is untenable.

**6. Municipal Corporations § 37—**

Where a municipal zoning ordinance provides that nonconforming uses existing at the time of the passage of the ordinance may be continued, and plaintiff, in a suit for *mandamus*, alleges that he and his predecessors were operating a junk business within the zone prior to the passage of the ordinance, and this allegation is denied in the municipality's answer, an issue of fact determinative of the rights of the parties is raised for the consideration of a jury.

APPEAL by defendants from *Parker, J.*, at February Term, 1942, of DURHAM. Affirmed.

This is an action to obtain the relief of *mandamus* and mandatory injunction, wherein the plaintiff seeks a decree directing the defendants to issue to him a license to conduct a junk business at 1004 and 1006 Roxboro Street in the city of Durham, and enjoining the defendants from interfering with the operation of such business, and the defendants demur *ore tenus* to the complaint and move for a judgment on the pleadings. The court overruled the demurrer and denied the motion, whereupon the defendants excepted and appealed to the Supreme Court, assigning errors.

*Victor S. Bryant and John D. McConnell for plaintiff, appellee.*
*Claude V. Jones for defendants, appellants.*

SCHENCK, J. It is alleged in the complaint that the plaintiff is a citizen and resident of Durham County, and that the corporate defendant is a municipal corporation and the individual defendant is the tax collector thereof; that on 8 May, 1941, the plaintiff tendered to the defendants $62.50 in payment of tax specified for the privilege of operating a junk business at 1004 and 1006 Roxboro Street in the city of Durham for the period between 1 June, 1941, through 31 May, 1942, which payment the defendants declined to accept and refused to issue to the plaintiff license to operate such business at such place and time, and based their refusal upon the theory that they were prohibited from issuing such license by a zoning ordinance adopted by the city of Durham on 16 May, 1926; it is further alleged in the complaint that a junk business has been continuously operated at 1004 and 1006 Roxboro Street in the city of Durham by the plaintiff and his predecessors in title of said premises since before March, 1925, prior to 16 May, 1926, when the ordinance which defendants invoke was adopted; and that said ordinance contains, *inter alia,* a provision as follows: "Any non-conforming use existing at the time of the passage of this ordinance may be continued."

The defendants' appeal in so far as it relates to their motion for judgment on the pleadings is fragmentary and premature and should be dismissed, since no appeal lies from a refusal of a judgment on the pleadings. The proper procedure upon such refusal is to bring forward an exception thereto for ruling upon appeal from a final judgment. *Johnson v. Insurance Co.,* 215 N. C., 120, 1 S. E. (2d), 381, and cases there cited.

The exception brought forward by the defendants that the court erred in sustaining plaintiff's objection to their introducing in evidence the ordinance adopted 16 May, 1926, by the city of Durham, cannot be sustained, since it is contrary to the uniform ruling of this Court that only matters presented in the pleadings will be considered on demurrer. *Besseliew v. Brown,* 177 N. C., 65, 97 S. E., 743, and cases there cited.

The defendants contend that the relief of *mandamus* and injunction sought by the plaintiff should be denied for the reason that the plaintiff

has an adequate remedy at law for the wrong which he alleges he has suffered—that if the plaintiff has wrongfully suffered by reason of the refusal of the defendants to grant him a license to conduct a junk business at the place involved, he has the right to apply for a *certiorari* from the Board of Adjustment established by virtue of Public Laws 1923, ch. 250, secs. 1 to 11, N. C. Code of 1939 (Michie), secs. 2776 (r) to 2776 (aa), to have the action of the defendants reviewed. Without deciding whether the public law referred to authorizes the city of Durham to enact an ordinance that would give to a board of adjustment the right to issue a *certiorari* to the tax collector and the governing board of the city of Durham to review their action in declining to grant the plaintiff a license to conduct a junk business at the place desired, we are of the opinion that the ordinance actually adopted by the city on 16 May, 1926 (made a part of the city's answer) fails to grant to the Board of Adjustment thereby established the right to issue such a *certiorari* in the case at bar. Nowhere in such zoning ordinance is the Board of Adjustment given the power to regulate nonconforming uses which existed at the time of the passage thereof, except to extend a nonconforming use of a building upon a lot occupied by such use or building at said time. Indeed, it is specifically provided in section 7 of such zoning ordinance that "any non-conforming use existing at the time of the passage of this ordinance may be continued."

The defendant R. A. Sorrell had no discretion to exercise or *quasi*-judicial duties to perform in connection with the issuance of a license to the plaintiff to do a junk business. His duties were purely ministerial. Such being the case, the right of *mandamus,* under the allegations of the complaint, did lie in the plaintiff. *Poole v. Board of Examiners, ante,* 199, 19 S. E. (2d), 635, and cases there cited.

The plaintiff contends that since the complaint alleges that his business has been in continuous existence since before the passage of the zoning ordinance, that he has tendered the amount of the privilege tax, that he has been refused a license, and that the zoning ordinance provides that "any non-conforming use existing at the time of the passage of this ordinance may be continued," he has alleged a clear legal right to demand a *mandamus* and mandatory injunction; the defendants contend that the plaintiff has an adequate remedy at law through appeal by *certiorari* to the Board of Adjustment and is therefore not entitled to seek equitable relief. Since we are of the opinion that the zoning ordinance passed by the governing board of the city of Durham fails to confer any jurisdiction upon the Board of Adjustment as to nonconforming uses existing at the time of the passage thereof, we conclude that his Honor was correct in overruling the demurrer *ore tenus.*

We also conclude that since it is alleged in the complaint that the plaintiff's junk business at 1004 and 1006 Roxboro Street in the city of

Durham was a "non-conforming use existing at the time of the passage of the ordinance," and that since such allegation is denied by the answers an issue of fact arises upon the pleadings. In truth, this issue is the gravamen of the case. If the junk business of the plaintiff existed at the place alleged at the time of the passage of the ordinance, it may, according to the plain provision of the ordinance, continue; if, on the other hand, it did not so exist at the time of its passage it may be prohibited. Whether it did or did not so exist at such time and place is a vital and determinative issue of fact upon which the parties had a right of trial by jury. N. C. Prac. & Proc. (McIntosh), p. 542.

The judgment of the Superior Court is

Affirmed.