CLARENCE W. HINSHAW, Trading as BURLINGTON SCRAP IRON AND METAL COMPANY, v. MARVIN R. McIVER, Tax Collector of BURLINGTON.

(Filed 6 June, 1956.)

**1. Mandamus § 1—**

*Mandamus* lies to compel the performance of a purely ministerial duty, imposed by law, at the instance of a party having a clear legal right to demand performance, and the remedy is not available to establish a legal

right, or to compel the performance of an illegal or unauthorized act, nor will it issue where the rights of those not parties to the action would be injuriously affected.

**2. Municipal Corporations § 36—**

One obtaining license under a city ordinance is ordinarily bound by the provisions of the ordinance as to revocation.

**3. Same—**

A municipality has statutory power to regulate the operation of junk yards within its borders in the exercise of its police powers.   G.S. 160-200.

**4. Same: Mandamus § 1—**

The power of a municipality to enact regulatory ordinances for the protection of the public and to prevent nuisances is not to be forestalled or foreclosed by writ of *mandamus*.

**5. Same—**

A municipality, after notice and hearing, revoked plaintiff's license to operate a junk yard for violations of its regulations governing the operation of such business.  Plaintiff thereafter instituted this action for *mandamus* against the city tax collector, the city not being a party, to compel the tax collector to issue license.  *Held:* Plaintiff may not test the validity of the municipal ordinance in this action, and the court correctly denied plaintiff's application for writ of *mandamus*.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Carr, J.,* December Term, 1955, of ALAMANCE.

This was an action to compel the defendant as tax collector of the City of Burlington to issue to the plaintiff license to engage in the business of junk dealer in the City of Burlington for the year beginning 1 July, 1955.

The case was heard by consent upon the pleadings, exhibits and minutes of the City Council of Burlington, from which the following facts were made to appear:

By statute, G.S. 105-102, those engaged in the business of dealing in junk were required to procure a license and to pay to the State an annual tax therefor, and cities and towns were also empowered to levy a license tax on junk dealers not to exceed one-half of that levied by the State.  Pursuant to this authority, the City of Burlington levied a license tax of $50 on those engaged in the business of buying and selling junk in the city.

The City of Burlington, also, in 1951 adopted ordinances regulating the use and operation by junk dealers of junk yards, requiring, among other things, that the yard be enclosed by solid fence not less than 8 feet high; that no junk or material be kept on the outside of the fence;

that gates, when not in use be kept closed, and that no bills or placards be affixed or displayed.

It was further ordained that should complaint be made that the operator of a junk yard was violating any of the provisions of these ordinances, the City Council should notify the operator to appear and show cause why his license should not be revoked, and that if the Council found the complaint true, it would have the right to revoke the license of such operator.

In June, 1954, the plaintiff Hinshaw applied for and obtained license to conduct a junk business on Long Street in the City of Burlington. In April, 1955, complaints were made by a number of citizens that plaintiff was not conducting his junk business in accordance with the ordinances. Thereupon the Council notified the plaintiff and conducted a hearing at which plaintiff and his counsel were present. The complaints were supported by the evidence of several witnesses. The plaintiff did not deny violating some of the regulations, but asked the Council not to revoke his license. The Council found that the plaintiff had violated the pertinent ordinances and ordered that his license be revoked. The Council further ordered the closing out of plaintiff's junk business at the locality where he was operating, and entered on the minutes that he be given a reasonable time within which to dispose of the junk on hand and clean up the premises, but it was expressly stated in the resolution that plaintiff should not continue operations and that the extension of time to remove junk would not authorize him to continue to operate as a junk dealer. The plaintiff took no steps to review the action of the City Council.

Thereafter, in June, 1955, plaintiff applied to defendant McIver, city tax collector, for license to engage in the business of junk dealer, presumably at the same location, for the year beginning 1 July, 1955. The application was refused and this action was instituted against the tax collector to compel him to issue the license as applied for. The City of Burlington was not made a party.

Upon consideration of the case as presented, the court held that the plaintiff had not shown a clear right to relief by *mandamus*, and that the validity of the ordinances and actions of the City Council could not properly be tested in this action to which the City of Burlington was not a party. The application for writ of *mandamus* as prayed was denied.

The plaintiff excepted and appealed.

*Clarence Ross and Cooper, Latham & Cooper for plaintiff, appellant.*
*W. D. Madry and W. R. Dalton, Jr., for defendant, appellee.*

DEVIN, J.   It is settled law in this jurisdiction that *mandamus* will lie to compel the performance of a purely ministerial duty imposed by law, and that the party seeking the writ must have a clear legal right to demand it, and the party sought to be coerced must be under legal obligation to perform the duty. *Bryan v. Sanford, ante,* 30, 97 S.E. 2d 420; *Nebel v. Nebel,* 241 N.C. 491 (499), 85 S.E. 2d 876; *Harris v. Board of Education,* 216 N.C. 147, 4 S.E. 2d 328. "Its purpose is to compel the performance of a ministerial duty—not to establish a legal right, but to enforce one which has been established." *St. George v. Hanson,* 239 N.C. 259, 78 S.E. 2d 885. However, the writ will not issue to compel the performance of an illegal or unauthorized act, nor will it issue where the rights of those not parties to the action would be injuriously affected. 55 C.J.S. 35-40. It was held in *Distributing Co. v. Burlington,* 216 N.C. 32, 3 S.E. 2d 427, that *mandamus* would not lie to require issuance of building permit in violation of an ordinance.

To issue the writ as prayed for under the circumstances here made to appear would be to compel the defendant tax collector to violate the ordinances adopted by the City Council of Burlington and to disregard the orders of the Council with respect to this plaintiff's operations at the place where he had been doing business. There was no evidence that the plaintiff had complied with the orders of the Council.

It is disclosed by the admitted records that the City Council acted in accordance with the provisions and procedure set out in the ordinances which in the exercise of its police power the City had adopted, and that it heard evidence of violations of these ordinances by the plaintiff in a public hearing at which the plaintiff and his counsel were present, and found the complaints were true. Thereupon, in the exercise of the power reserved in the ordinance, it revoked the plaintiff's license and ordered his operations to cease. The ordinances and regulations under which the Council acted were in force at the time plaintiff obtained license as junk dealer in 1954. One obtaining license under a city ordinance is ordinarily bound by the provisions of the ordinance as to revocation. *Bluemound Amusement Park v. Milwaukee,* 79 A.L.R. 281. The power of a municipal corporation to enact ordinances and regulations for the better government of the city is conferred by statute, G.S. 160-200. And the power to regulate the operation of junk yards within its borders is within the police power of the city. *McIntyre v. Murphy,* 177 N.C. 300, 98 S.E. 820; *Turner v. City of New Bern,* 187 N.C. 541, 122 S.E. 469; *Wake Forest v. Medlin,* 199 N.C. 83, 154 S.E. 29; *Ahoskie v. Moye,* 200 N.C. 11, 156 S.E. 130.

The power to enact regulatory ordinances for the protection of the public and to prevent nuisances is not to be forestalled or foreclosed by writ of *mandamus*. *Wake Forest v. Medlin, supra.* Violation of the

provisions of ordinances regulating a business for which license is issued affords grounds for revoking the license, and revocation of license for failure to comply with regulations prescribed by the city ordinance is not precluded by statute authorizing penalties for violation. *Prawdzik v. City of Grand Rapids,* 313 Mich. 376, 165 A.L.R. 1165.

Plaintiff apparently acquiesced in the action of the Council in April and May, 1955, and took no steps to review in appropriate proceedings the action of the Council, if he felt aggrieved.

Plaintiff takes the position that in any event he was entitled as a matter of law to require the tax collector to issue him license as a junk dealer, and that the ordinances relied on by the defendant are void. He cites as authority *Ornoff v. Durham,* 221 N.C. 457, 20 S.E. 2d 380, but that case does not help him. In the *Ornoff case* the plaintiff applied to the tax collector of the City of Durham for license as a junk dealer for the year 1941. This was refused on the ground that the City had previously adopted a zoning ordinance which would prohibit use of the locality for conducting a junk business. It appeared, however, that plaintiff had been engaged in the junk business there before the adoption of the zoning ordinance and that the ordinance contained the provision that "any nonconforming use existing at the time of passage of the ordinance may be continued." The case came to the Supreme Court on appeal from the judgment in the Superior Court overruling defendants' demurrer. The ruling below was affirmed and the cause remanded for determination of the issue of fact whether plaintiff had been engaged in the junk business at that place prior to the adoption of the zoning ordinance. In that case it will be noted the City of Durham was made a party, though the validity of the city ordinance was not involved. We have examined the other authorities cited by plaintiff, but they do not militate against the conclusion we have reached on the facts of this case.

We concur in the view of the able judge who heard this case below that under the circumstances here made to appear the plaintiff has not shown a clear legal right to the relief prayed for, and that the Court would not undertake to test the validity of the ordinances and orders of the City of Burlington in an action to which the City was not a party. There was no error in denying the plaintiff's application for writ of *mandamus.*

Affirmed.

JOHNSON, J., not sitting.

The foregoing opinion was prepared by *Devin, Emergency Justice,* while he was serving in place of *Johnson, J.,* who was absent on account

of his physical condition. It is now adopted by the Court and ordered filed.