D. W. PURVIS, AS SHERIFF OF COLUMBIA COUNTY, FLORIDA, AND EX OFFICIO ADMINISTRATOR OF THE ESTATE OF SARAH BAXLEY, DECEASED, ROBERT BAX-LEY AND M. A. BAXLEY, *Appellants,* v. TALULAH H. FRINK, *Appellee.*

1. Where in a chancery cause an application is made to change the venue under section 1471 General Statutes of 1906, on account of the prejudice of the judge of the circuit court, and there is no allegation in the application that the judge is pre-judiced against the applicants, or either of them, but it is alleged that the judge by reason of his being a stockholder and director of two corporations, *viz*: a bank, and of an investment company, engaged in the business of lending money at rates which the applicants contend is usurious, and that in the

pending case the facts stated by the applicants in defense of the suit present a similar question of usury, wherefore the applicants fear the judge has such an interest in the result of the pending case as to prejudice him in the interest of complainant and against the defendant, such application presents no statutory ground for a change of venue.

2. Section 1471 General Statutes of 1906, authorizing a change of venue on account of prejudice in the judge, construed in the light of our decisions, means a prejudice against a party to the cause, and not a prejudice based upon or growing out of the business relations of the judge or a mere interest in an abstract question that may be involved in the cause and which may arise in some future independent litigation not yet begun.

This case was decided by Division B.

Appeal from the Circuit for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for appellants;

*Roberson & Small,* for appellee.

HOCKER, J.—Appellee Talulah H. Frink filed her bill against the appellants in the circuit court of Columbia county seeking to foreclose a mortgage given to secure the payment of a note for $700.00, both note and mortgage executed by Sarah Baxley in her lifetime, to the appellee. Defendants filed a plea setting up that the transaction was usurious and a plea of part payment.

The following petition was also filed by apppellants for a change of venue: "And now come the defendants by A. J. Henry, their solicitor, and state that they fear that they cannot have a fair and impartial trial of the said cause in the third judicial circuit where the said cause is pending on account of the prejudice of the

judge of the said court, the Honorable B. H. Palmer,
against the defendants, and their, cause, and in favor of
the complainant and her cause, and as cause for such
fears they state: That the said judge is a stockholder
in and director, as these defendants are informed and
believe, of both the First National Bank of Lake City,
and Lake City Investment Company. That both said
bank and company are corporations domiciled and doing
business in Lake City, Florida, and are engaged in the
business of lending money, and discounting bills; that
in their said business the said companies frequently lend
money at the rate of ten per centum per annum, and
charge interest in advance or, reserve, charge, or take
the interest or a portion thereof for the time of for-
bearance, at the time of lending the money, and in doing
so, invariably charge, reserve or take, the sum that will
be ten per cent. of the sum of money contracted to be
lent, or the interest to be charged, reserved, or taken,
instead of a sum that will be ten per centum per annum
of the sum actually received by the borrower. That in
a certain transaction between the complainant in this
case and Sarah Bexley, now deceased, the intestate and
ancestress of these defendants, on the 3rd day of Sep-
tember, 1903, it was contracted by and between them,
the said complainant and intestate and ancestress, that the
said complainant should lend the said intestate and ances-
tress, the sum of seven hundred dollars and forbear the
same for the period of one year next thereafter or until
the 3rd day of September, 1904, and in consideration
thereof reserve, charge, or take interest thereon at the rate
of ten per centum per annum, payable quarterly in ad-
vance; and that the complainant in said transaction, when
she received the note for $700.00, and the mortgage to se-
cure the said note sought to be foreclosed in this case,
paid to the intestate and ancestress the sum of $682.50

as and for the said sum of $700.00 contracted to be lent as aforesaid, pretending then and there and thereby to reserve the interest in the sum of $17.50 as and for the interest for the first quarter of the period of one year aforesaid; whereas the proper sum to be then reserved, charged or taken, was, as interest at the rate of ten per centum per annum for one quarter on the said sum of $700.00 when taken in advance only the sum of $15.90 which was the greatest sum that could be lawfully charged, reserved, or taken.   That these defendants are advised that the said transaction was usurious and unlawful inasmuch as then and there by the contract, and construction then put thereon by the parties thereto, and carried out by them as hereinbefore stated, was usurious and in violation of the law in that it was a contract for the payment of interest upon a loan and forbearance of the sum of money actually received by the borrower at a higher rate of interest than ten per centum per annum thereon, and that the said note and mortgage are obligations whereby the debtor was required to pay a greater sum than the sum actually received by the said intestate and ancestress together with interest thereon at the rate of ten per centum per annum, which said defences are presented by a plea and answer filed in the said cause.   That the result of the decision in this case will be to establish whether such contracts are or are not usurious; that many and divers contracts and transactions by which money is lent, made, and interest charged by the said bank and other company, as hereinbefore stated, and the construction put thereon and interest charged and taken by the said companies are identical in kind with the said contract affecting the said note and mortgage involved in this case, and the construction put thereon by the complainant and interest then reversed and taken.   And these defendants did not know of the relation of the said judge as such stock-

holder and director as hereinbefore stated, until on or about the 15th day of April, 1907, after the argument of their plea had been made and submitted. Wherefore these defendants fear that the said judge has such an interest in the result of this case as to prejudice him in the interest of the complainant and against the defendants and pray that the venue of the said cause may be changed to some other circuit where a fair and impartial trial may be had, and your petitioner will ever pray, etc."

This application for a change of venue was heard by the circuit judge who made the following order:

"This cause came on for hearing upon application of the defendants for change of venue filed August. 8th, 1907, and same was argued by counsel and upon. consideration thereof, it is ordered that said motion be denied. Done and ordered this 10th day of September, 1907.                    B. H. PALMER, Judge.

In making the above ruling the court desires to remark that had he followed his personal feelings, he would have granted said motion. But the court is here to follow what he deems to be the law of each case and not his personal likes or dislikes. The Bexleys have been long and close personal friends and the court would have been glad to have yielded to the application, but in obeying the laws as laid down in our Florida Reports and various other authorities, he is restrained from so doing.                    B. H. PALMER, Judge."

From this order denying the application for a change of venue an appeal was taken to this court.

Appellants rely upon section 1471 under Article 1, Chapter 14 of the General Statutes of 1906, relating to change of venue. That section is as follows:

"1471. (1079 Revised) On account of prejudice of judge or undue influence of opposite party.—Such change shall be granted if either party in any civil case, or the

defendant in any criminal case, shall make application
therefore on oath stating that he fears that he will not
receive a fair trial in the court where the suit is pending,
on account of the prejudice of the judge of said court
against the applicant or in favor of the adverse party,
or on account of the adverse party having an undue in-
fluence over the minds of the inhabitants of the county
or justice's district in which the case is pending, or on
account of applicant being so odious; such application
shall fully and distinctly set forth the facts upon which
the same is founded."

It will be observed that the application for change
of venue nowhere alleges any facts tending to show any
prejudice on the part of the circuit judge against the ap-
pellants or either of them personally. It seeks to show
that the circuit judge by reason of being interested in
two money-lending corporations who are alleged to be
lending money on terms similar to those in the instant
case in interest in so deciding this case, as to sustain the
contracts of the said corporations. Our statute must be
construed in the light of our decisions upon what con-
stitutes a prejudice such as will disqualify a judge. Thus
considered our statute must be construed to mean that
the prejudice which will disqualify a judge must be a
prejudice against a party to the cause and not a pre-
judice based on the possible incidental opinions and
views of a judge growing out of his business relations.
23 Cyc. 585. See the luminous discussion of this ques-
tion in Conn v. Chadwick & Co., 17 Fla. 429, in which it
is very clearly shown that a contrary rule would not only
put it in the power of a party to select the judge who
was to decide his case, but would practically wipe out
the judicial powers conferred upon judges by the con-
stitution. No authority is cited by appellants which sus-
tains their contention.

The circuit judge correctly ruled that he was with-

out power to follow his personal inclination, but was to be governed wholly by the law of this state, and the sole question was whether the facts set forth in the petition constituted a disqualification of the judge to sit; if these facts do not make out a case of actual disqualification, the order of removal of the cause would be a nullity. Williams v. Robles, 22 Fla. 95.

It is clear that the disqualifying interest is a property interest in the action, not a mere interest in an abstract question that may be involved therein and which may arise in some possible future independent litigation not yet begun in which the judge may then have some interest.

For all errors a judge may commit a party has his right of appeal.

The decree of the circuit judge is affirmed.

PARKHILL, J., concurs;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.

TAYLOR, J., (*concurring.*)—The application for change of venue states in general terms the legal conclusion that the judge is *prejudiced,* but when the facts are stated that comprise this alleged *prejudice,* they do not even tend to show any *prejudice* on the judge's part either for or against any of the parties to the cause, but attempt to show that the judge, by reason of being a stockholder or director in two money-lending corporations who are total strangers to this litigation, but who loan money on the same terms as was done in this case, is *interested,* (not prejudiced) *in the question* simply that is involved in this case, *viz.*: that of the proper inter-

46

pretation of the question of usury in the transaction involved.

In the case of Adams, Admr. v. Board of Trustees of Internal Imp. Fund, 37 Fla. 266, 20 South. Rep. 266, in a discussion of the question as to what *interest* a party must have in the litigation in order to be disqualified as a witness to transactions had with a party deceased at the time of giving testimony, it was held that: "An interest by the witness simply in the *question* involved does disqualify him under the proviso of our statute, but, to disqualify him, he must be so interested in *the result* of the suit as that he would gain or lose *directly* and *immediately* thereby, or that the record therein could be used as legal evidence either for or against him in some other suit as an establishment or disestablishment of the matters testified about." When it is claimed that a judge is disqualified to preside over the trial of a cause because of *interest,* we think that the same test would be applicable to him as was applied in the case above quoted from, *viz.*: He must be so interested in the *result* of the suit as that he would gain or lose *directly* and *immediately* thereby, and not simply that he was interested in the *question* involved therein. 17 Am. & Eng. Ency. Law (2nd ed.) p. 741, and cases cited.

The judicial disqualification guarded against by the statute invoked in this case is based upon *prejudice* on the judge's part, not a collateral interest in the *question* involved in the case, and such collateral *interest* cannot be warped or twisted into a *prejudice* by any legitimate reasoning. There was no error in the refusal of the change of venue applied for.