JULIO VILLANEUVA and GEORGE FAJARDO, alias RAFAEL MARTIN HEYDRICH, v. STATE.

173 So. 906.
Division A.
Opinion Filed April 19, 1937.

*Van C. Swearingen* and *Irving J. A. Renno,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

TERRELL, J.—Plaintiffs in error were informed against in the Criminal Court of Record for Dade County for breaking and entering with intent to commit a felony, to-wit: Grand larceny. The information was drawn under Section 7216, Compiled General Laws of 1927. The trial resulted in a verdict of guilty as to both defendants with recommendation·to mercy as to the defendant, Villaneuva, who was sentenced to eight years at hard labor in the state penitentiary. The defendant, Fajardo, was sentenced to ten years in the state penitentiary at hard labor. Writ of error was prosecuted to that judgment.

The first assignment of error challenges the authority of the trial judge to hear and adjudicate the issues in the cause because of his relation to the prosecuting witnesses, Mr. and Mrs. T. B. McGahey.

This challenge is predicated on Chapter 16055, Acts of 1933, Section 4155 (sub-sections 2, 4) Compiled General Laws, the pertinent part being as follows:

"In any cause in any of the courts of this state any party to said cause, or any person or corporation interested in the subject matter of such litigation, may at any time before final judgment, if the case be one at law, and at any time before final decree, if the case be one at chancery, show by a suggestion filed in the cause that the judge before whom the cause is pending, or some person related to said judge by consanguinity or affinity within the third degree is a party thereto, or is interested in the result thereof, or that said judge is related to any attorney or counsellor of record in said cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to said cause."

The record discloses that the prosecuting witnesses, Mr. and Mrs. T. B. McGahey, were sister and brother in law of the trial judge. The house alleged to have been broken into was the home of Mr. and Mrs. McGahey and the goods the defendants are charged with having stolen were the property of Mr. and Mrs. McGahey and their children.

Would this state of facts make Mr. and Mrs. T. B. McGahey "interested in the result" of the prosecution to such an extent as would disqualify the trial judge to hear and adjudicate the issues under the terms of the Act as above quoted? We think it would. There may have been no material pecuniary interest involved but human nature is such that the best of us resent having our homes despoiled and in the worst of us, it makes the blood to run to the eyes. There is no rule of law or biology by which the recesses of the judge's conscience can be fathomed to determine the degree of or absence of resentment he experiences in a case like this. If it had been the judge's home he certainly would have been disqualified. It may be that he could sit impartially where his sister's home was involved but the law indulges no such presumption and since the interest and relation by consanguinity and affinity within the prohibited degrees were all present, he should have recused himself.

It is also shown that while the trial judge entered his order declaring himself qualified as required by Section 3 of Chapter 16053, Acts of 1933, he did not, as required in Section 5 of the Act, file his sworn statement that to the best of his "knowledge and belief the ground or grounds of his disqualification named in the suggestion did not exist." This provision of the law was material and should not have been overlooked.

It is not contended that Mr. and Mrs. McGahey were

parties to the cause but the statute does not require them to be, it merely requires that they be interested in the result of the prosecution. Any interest which would create or tend to create a resentment or prejudice in their minds against the defendants would be sufficient. The judge being required to be legally indifferent between the parties, any interest which disturbs or unsettles his equipoise would disqualify him to sit in the cause. *Ex parte* Cornwell, 144 Ala. 497, 39 So. 354; Gill v. State, 61 Ala. 169.

In Power v. Chillingworth, 93 Fla. 1030, 113 So. 280, this court held that under our statute of disqualifications a judge could not sit in a cause in which he would be excluded from being a juror by reason of interest, consanguinity, or affinity to either of the parties.

The philosophy of the law is at all times to keep pure and free from suspicion the fountain of justice. In doing so it wisely withholds from every judge any temptation to do other than pursue the rigid course of duty marked for him, hence his disqualification to sit in any cause in which there is an interest that would sway him. It may be that such an interest rests only in the suspicion of the public but even when this is the case the ground for disqualification is all the more pressing. In general the same rules apply in civil as in criminal cases.

It is, therefore, our opinion that the judgment below as to both defendants should be reversed and a new trial awarded. As to the defendant, Villaneuva, the evidence has been examined and found insufficient to support the verdict and judgment.

Reversed and a new trial awarded as to defendant, Fajardo.

ELLIS, C. J., and BUFORD, J., concur.

728

WHITFIELD, P. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I do not think it would be reversible error for a trial judge to fail to file a sworn statement that "to the best of his knowledge and belief the ground or grounds contained in the suggestion of disqualification do not exist," where the ground or grounds stated in the suggestion show on their face that they do not show any legal cause for the judge to declare himself to be disqualified. Here the judge admitted his relationship to Mr. and Mrs. McGahey as charged, but held that this did not disqualify him because they were not parties to the action nor interested in the result thereof. In this legal conclusion I concur with Mr. Justice Terrell that he was in error, and that the judgment must be reversed.