PER CURIAM.
The appellant, a practicing lawyer, instituted a chancery suit seeking to enjoin the appellee, Leonard P. Cardone [as a Deputy Industrial Commissioner], from hearing any further cases in which the appellant represented claimants before the Florida Industrial Commission. The other appel-lees were joined as the Florida Industrial Commission. The chancellor dismissed the original complaint, denying a temporary injunction, and subsequently dismissed an amended complaint with prejudice[1].
The plaintiff was attempting to secure a blanket disqualification of a Deputy Industrial Commissioner from hearing any further claims in which he represented a claimant. It appears his action was improperly founded in two respects. Pursuant to the provisions of § 120.09, Fla. Stat., F.S.A. [commonly known as the Administrative Procedures Act], the correct method for seeking the disqualification of an administrative hearing officer is in accordance with the procedures available by statute for seeking the disqualification of a circuit judge, to wit: § 38.10, Fla.Stat., F.S.A. We recognize that the reference to § 38.10, Fla.Stat., F.S.A., is contained only in subsection (1) of § 120.09, Fla.Stat., F.S.A., but an examination of the original title to this act[2] clearly indicates the Legislative intent to make this method of disqualification available to appointed commissioners as well as to elected commissioners. See: Curry v. Lehman, 55 Fla. 847, 47 So. 18. Therefore, the method for seeking the disqualification of the appellee, Cardone, would be to follow the provisions of § 38.10, Fla.Stat., F.S.A., and if he refused to recuse himself to seek appropriate review before the full Commission and the Supreme Court of Florida, which are the supervisory bodies of rulings made by Deputy Industrial Commissioners. See: §§ 440.25, 440.27, Fla.Stat., F.S.A.
The plaintiff’s attack was further in error in that it sought a blanket disqualification of the Deputy Industrial Commissioners from “any cases” wherein the appellant represented claimants. This clearly is erroneous under Florida law. See: Ginsberg v. Holt, Fla. 1956, 86 So.2d 650.
Therefore, for the reasons stated, the final decree of dismissal here under review is hereby affirmed.
Affirmed.

. The appellees moved to dismiss the amended complaint for failure to state a cause of action and on the ground the court lacked jurisdiction over the subject matter.

. Cli. 26854, General Laws of Florida 1051..