TILLMAN PEARSON, Judge.
The appellant, Dade County, was one of the defendants in the trial court to a complaint brought by the appellee, Florida Association of Workers for the Blind, Inc. The relief prayed in the complaint was that the chancellor should quiet title of certain real property in the appellee. It was alleged that Dade County claimed some title, right or interest in the property.
The County moved to dismiss the complaint as to it, upon the ground that the County as a subdivision of the State of Florida is immune from suits of this nature. The trial judge denied the motion to dismiss and this appeal is from that order.
It is clear that a county is a political subdivision of the State of Florida. Kaulakis v. Boyd, Fla.1962, 138 So.2d 505; Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372 (1916) ; Broward County v. Bouldin, Fla.App.1959, 114 So.2d 737.
This Court has had opportunity to recognize this provision of the law in a somewhat similar situation. In Seaside Properties, Inc. v. State Road Department, Fla.App.1960, 121 So.2d 204, it was held that in the absence of an allegation that a State agency had actually taken or made physical encroachment on land, a suit to quiet title would not lie against the agency. We find no valid basis for a distinction between a State agency and a subdivision of the State insofar as immunity from suit to quiet title.
Accordingly, the order appealed is reversed with directions to dismiss the complaint as to the defendant Dade County.
Reversed.