PER CURIAM.
Relator, John M. Cannon, is a registered real estate broker in Brevard County, *600 Florida. He stands charged by the Florida Real Estate Commission with having committed five violations of the Real Estate License Law. F.S.A. Ch. 475. One of the counts in the information before the commission charges relator with fraud, misrepresentation, false pretenses, and dishonest dealing in violation of F.S.A.'§ 475.25(1) (a). This charge is based upon the following allegations : (1) The South Brevard Board of Realtors expelled relator from membership in an association of real estate brokers known as “Realtors”. (2) Notwithstanding such expulsion, relator, as a real estate broker, has continued to hold himself out to the public as a member in good standing by signs on properties, including his office, and use of stationery and calling cards bearing realtor emblems.
Upon being served with the information relator filed a suggestion of disqualification with the commission pursuant to F.S.A. §§ 475.44 and 38.02. He there alleged: .(1) Each of the members of the commission are members of the National Association of Real Estate Boards currently serving as officers on the board of directors. (2) “Realtor” is a registered trade name belonging exclusively to that association. (3) The commissioners have a real and substantial property interest in limiting the use of the term “realtor” to the association and its members.
In response to relator’s suggestion of disqualification the commissioners filed an order in which they declined to disqualify themselves. In their order the commissioners first acknowledged that each was a member of the National Association of Real Estate Boards currently serving as a director. The commissioners then stated that this did not disqualify them as being interested in the result of the pending revocation proceeding. The commissioners further stated that none of them had any pecuniary or property interest in the result of the pending revocation proceeding.
Relator filed a suggestion for writ of prohibition in this court. We issued a rule to show cause; the commissioners filed a response; and oral argument has been heard on the merits. Prohibition is denied,
Members of the Florida Real Estate Commission may be disqualified from participating in license revocation or suspension proceedings on the same grounds and in substantially the same manner as circuit judges. F.S.A. § 475.44.[1]
Relator did not seek disqualification for’ bias or prejudice under F.S.A. § 38.10. That section requires an affidavit of fear by the litigant, a certificate of good faith by his counsel of record and supporting affidavits by two reputable citizens of the county. Ibid. In a proceeding under that section the judge is expected and required to disqualify himself without inquiring into whether or not he is, in fact, prejudiced or biased, provided the required papers disclose reasonable grounds for the litigant’s fear that the judge is not impartial. Raybon v.. Burnette, Fla.App.1961, 135 So.2d 228.
Relator sought disqualification before the commission solely on the ground of interest under F.S.A. § 38.02. That section-requires only a written suggestion showing that the judge is interested in the result of. the cause. In a proceeding under that section the judge is expressly authorized to inquire into and determine the facts, and he-is expected and required to disqualify himself only if he is, in fact, interested in the-result of the cause. Ibid.
In determining whether a judge is interested in the result of a cause the value or amount of his interest is regarded as immaterial. State ex rel. Mickle v. Rowe, 1930, 100 Fla. 1382, 131 So. 331; State ex rel. First American Bank & Trust Co. of West Palm Beach v. Chillingworth, 1928, 95 Fla. 699, 116 So. 633. But the interest must be a financial or property interest in *601 the result of the action, and it must be direct and immediate, not uncertain or speculative. State ex rel. Hart v. Call, 1899, 41 Fla. 442, 26 So. 1014; 1 Am.Jur.2d, Administrative Law, § 64. In other words, there must be an ascertainable financial or property interest in the result of the proceeding itself; a mere interest in an abstract question that may be involved in the cause and which may later arise in some future independent litigation, not yet begun, is insufficient. Purvis v. Frink, 1908, 55 Fla. 715, 46 So. 171; 48 C.J.S. Judges § 79.[2]
In the present case relator asks us to judicially notice that the word “realtor” is a private, registered trademark or trade name of the National Association of Real Estate Boards. He contends that in the pending revocation proceeding the respondent-commissioners will be required to determine: (1) whether the relator’s alleged expulsion from the local board of realtors was valid; (2) if so, whether relator thereafter improperly used the term “realtor” ; and (3) if so, whether such improper use constitutes a violation of § 475.25(1) (a). Based on these assumptions relator argues that respondents’ pecuniary or property interest in the subject matter of the proceedings affirmatively appears on the face of the record.
Relator does not contend that the commissioners have any financial or property interest in the result of the revocation proceeding based on a special or peculiar competitive relationship with him. Compare : State ex rel. Roberts v. Knox, 1943, 153 Fla. 165, 14 So.2d 262.[3] He does not contend that the local board of realtors or the national association of boards, of which the commissioners are members and directors, is a party to the revocation proceeding or that either organization has a property or financial interest in the outcome. Compare: State ex rel. Colcord v. Young, 1893, 31 Fla. 594, 12 So. 673, 19 L.R.A. 636.[4] Having failed to seek disqualification on the ground of bias or prejudice, . relator validly can contend only that abstract questions concerning the rights of realtors or their association in the association’s name and symbol may be collaterally involved in the revocation proceeding. As shown above, the courts have ruled that such fact does not disqualify judges for interest, and the legislature has determined that members of administrative commissions shall be disqualified on the same grounds and in substantially the same manner as judges. Purvis v. Frink, supra; F.S.A. § 475.44.[5]
The respondents correctly determined that they have no property or financial interest in the result of the proceeding.
Writ of prohibition denied.
WALDEN, C. J., and HOBSON, T. FRANK, Jr., and SAMPLE, WALLACE, Associate Judges, concur.

. See also Bieley v. Brown, Fla.App.1964, 168 So.2d 552 (interpreting the Administrative Procedure Act).

. See also generally: 48 C.J.S. Judges §§ 78-81; 30A Am.Jur., Judges, §§ 99-141; Annot., 10 A.L.R.2d 1307 (1950).

. The mere fact that the commissioners are registered brokers would not, of course, disqualify them. See State Board of Funeral Directors and Embalmers v. Cooksey, 1941, 148 Fla. 271, 4 So.2d 253.

. As to a judge’s membership in a corporation or association which is a party or has a property interest in the result of a cause, see generally: 30A Am.Jur., Judges, §§ 117-130; Annot., 10 AL.R.2d 1307 (1950), §§ 19 et seq.; 48 C.J.S. Judges § 80.

. But cf. Villaneuva v. State, 1937, 127 Fla. 724, 173 So. 906 (semble).