214 So.2d 7 (1968)
STATE of Florida ex rel. Robert E. ALLEN, Sr., Mary Crosby, Carrie Hernandez, Georgianna H. Lowen, John W. Powell, Woodbury V. Weimern and Lee E. Williams, Relators,
v.
The BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY, Florida, Respondent.
No. 2090.
District Court of Appeal of Florida. Fourth District.
September 5, 1968.
Rehearing Denied October 4, 1968.
*8 J. Leonard Fleet, of Fuer, Fleet & Abram, Hollywood, and Edgar G. Hamilton, of Hamilton & James, West Palm Beach, for relators.
Edward J. Marko, of Mendez, Shaw, Marko & Stephany, Fort Lauderdale, for respondent.
WALDEN, Chief Judge.
Relators, school teachers in Broward County, were charged by the Board of Public Instruction of Broward County with willful neglect of duty in that they were absent from their duties without leave on one or more days. Pursuant to F.S. 1967, Section 231.36(6), F.S.A.,[1] they were granted a hearing before the Board to determine whether they should be dismissed or otherwise penalized if the charges against them were found to be true.
At the start of proceedings, relators filed motions to disqualify three board members from participation in the hearing by reason of their alleged prejudice. The motions to disqualify were made, with appropriate supporting affidavits, pursuant to F.S. 1967, Section 38.10, F.S.A., which section relators contend is made applicable to the Board of Public Instruction by F.S. 1967, Section 120.09, F.S.A., part of the Administrative Procedure Act.
We believe, and it is not seriously urged otherwise, that the affidavits of bias and prejudice submitted were manifestly sufficient under F.S. 1967, Section 38.10, F.S.A.
The three Board members declined to recuse themselves. In response, relators filed their suggestion for writ of prohibition requesting that this court prohibit the Board from proceeding further to hear the charges against relators so long as the three members decline to recuse themselves. A rule nisi in prohibition issued, to which the Board has responded.
Does F.S. 1967, Section 120.09, F.S.A., apply to the Broward County Board of Public Instruction? We believe it does. That section provides:
"(1) Any member of a commission elected by the people of the state and authorized by the statutes to exercise judicial powers may be disqualified, either voluntarily or involuntarily, from serving in a particular investigation, inquiry, hearing, trial, appeal, matter or thing on the same grounds, in the same manner and to the same extent as circuit judges may be disqualified from acting in a judicial capacity. * * *
"(2) Any member of a commission, authority, administrative body or governmental agency existing under the laws of the state may be disqualified, either voluntarily or involuntarily, for bias, prejudice, interest or other causes, to serve in a particular investigation, inquiry, hearing, trial, appeal, matter or thing. If the disqualified member holds his membership by appointment the appointing power shall appoint a substitute * * *. If *9 the disqualified member is an elected official and is not authorized by the statutes to exercise judicial powers the governor shall appoint a substitute * * *."
The procedure for disqualification is the same under either subsection. Although specifically provided for in subsection (1), the procedure of F.S. 1967, Section 38.10, F.S.A., is equally applicable to subsection (2).[2]
The Broward County Board of Public Instruction is an elected body existing under the laws of the state by virtue of F.S. 1967, Section 230.05, F.S.A. When it presides over a hearing to determine charges filed against a member of its instructional staff, it is a quasi-judicial body.[3]
In addition, F.S. 1967, Section 230.03(1), F.S.A., provides, in part:
"* * * All actions of county school officials shall be consistent and in harmony with state laws and with rules and regulations and minimum standards of the state board. * * *"
Since the state board is within the scope of the Administrative Procedure Act,[4] these considerations alone seemingly would determine the appropriateness of Sections 120.09 and 38.10 as providing minimum standards for the disqualification of county board members when charged with bias or prejudice.
Respondent-Board urges that F.S. 1967, Section 120.09, F.S.A., can not be applicable to the Board because the Administrative Procedure Act is applicable only to "agencies,"[5] defined in Section 120.021 (1) of that act as follows:
"120.021 Definitions. For the purpose of part I:
"(1) Agency means any state board, commission, department or officer authorized by law to make rules, except the legislative and judicial departments of government, the military, and the governor."
We would point out that counties, unlike municipalities, are organized as political subdivisions of the state and therefore constitute a part of the machinery of the state government.[6] Thus for purposes of Section 120.09, County Boards of Education may be considered state governmental agencies.
When Section 120.09 was first enacted in 1951 as Chapter 26854, Laws of Florida, the purpose of the act was set forth in the title as:
"AN ACT Prescribing Grounds for Disqualification of Members of Any Commission, Authority, Administrative Body or Governmental Agency Existing Under the Laws of Florida; Providing for Appointment of Person to Serve Temporarily in Lieu of Disqualified Member; Providing for Appointment of Circuit Judge to Serve Temporarily When the Disqualified Member is Authorized to Exercise Judicial Powers; Providing for the Effect of Any Judgment, Order, Determination or Decision of Any Such Commission, Authority, Administrative Body or Governmental Agency When the Same Shall Consist of One or More Persons Appointed to Serve Under Provisions of This Act; and Repealing All Laws in Conflict Herewith."
Some ten years later it was readopted as part of the Administrative Procedure Act.
As the title to the original Section 120.09 denotes, the purpose of the act was to prescribe grounds for disqualification of members of any commission, authority, administrative *10 body or governmental agency existing under the laws of Florida. By providing statutorily what due process requires, i.e., that quasi-judicial functions be exercised by a fair, unbiased tribunal, Section 120.09, and thereby Section 38.10, to a large extent merely codified that which the common law requires in any event.[7]
Thus, when Section 120.09 was incorporated into the Administrative Procedure Act in 1961, the effect was to make it, and therefore Section 38.10, expressly applicable to "agencies" as defined in Section 120.021(1), supra. But if that definition could be taken as more restrictive than the application given Section 120.09 by its original title, still traditional notions of due process require that Section 120.09 be considered of wider application.[8]
F.S. 1967, Section 231.36(6), F.S.A., provides that any supervisor or teacher in a school system may be discharged by the county board with a public hearing if requested by the employee. This right to a public hearing implies that such hearing will be held before a fair, impartial tribunal.
The hearing and decision to be made represent a quasi-judicial function, the importance of which cannot be overstressed, particularly to the teacher involved.
The formal charges must be based upon immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness or conviction of any crime involving moral turpitude. Thus, this is a serious proceeding which might very well serve to end or blight a teacher's professional career and stain a personal reputation. While comparisons are not necessarily profitable, the consequences of this administrative action in terms of importance and impact upon the affected individual, transcend great numbers of judicial proceedings where the right to an impartial judge is unquestioned.
It does not comport with reason and basic fairness, and certainly not with due process of law to permit board members to determine wholly subjectively their fitness to make quasi-judicial determinations. If we accept respondent's position, a board member could freely admit to the worst possible degree of bias, yet decline to recuse himself, thereby sitting in judgment of relators. Relators' only remedy would be by appeal to the state board and then to seek judicial review. But the due process guaranteed right to a fair and impartial tribunal is a present right, the denial of which would not be remedied by appeal. For this reason it has long been recognized as settled law in this state that prohibition is an appropriate remedy to prevent judicial action when the judge is disqualified a swell as when the judge is without jurisdiction.[9]
Under the circumstances we are of the opinion that the rule nisi in prohibition should be made absolute.
It is so ordered.
OWEN, J., and VANN, HAROLD R., Associate Judge, concur.
NOTES
[1] "Any member of the county administrative or supervisory staff and any member of the instructional staff, including any principal, may be suspended or dismissed at any time during the school year; provided that no such employee may be discharged or removed * * * without opportunity to be heard at a public hearing * * * and, provided further, that the charges must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude. * * * If such charges are sustained by a majority vote of the full membership of the county board and such employee is discharged, his contract of employment shall be thereby canceled. * * *"
[2] Bieley v. Brown, Fla.App. 1964, 168 So.2d 552.
[3] Board of Public Instruction of Taylor Co. v. State, Fla.App. 1964, 171 So.2d 209.
[4] Sauls v. DeLoach, Fla.App. 1966, 182 So.2d 304.
[5] F.S. 1967, Section 120.011, F.S.A.
[6] Kaulakis v. Boyd, Fla. 1962, 138 So.2d 505; Dade County v. Florida Association of Workers for the Blind, Fla.App. 1965, 173 So.2d 160.
[7] See generally, 1 Am.Jur.2d, Administrative Law, § 63.
[8] 21 U.Miami L.Rev. contained an article on "Procedural Due Process: Florida's Uniform Administrative Procedure Act" in which it was said at 146: "It should be noted that while the A.P.A. applies only to state agencies which the Act defines as `boards, commissions, departments, or officers authorized by law to make rules, except the legislature and judicial departments of government, the military, and the governor,' the effective impact of this procedural codification should apply to county and municipal agencies as well. Although the legislatively defined scope of the A.P.A. does not encompass these local agencies, it is to be expected that the courts will use its provisions as a yardstick to determine the procedural level with which these agencies must comply. * * *"
[9] Brewton v. Kelly, Fla.App. 1964, 166 So.2d 834; Dickenson v. Parks, 1932, 104 Fla. 577, 140 So. 459.