Dear Honorable Brewster,
The Attorney General has received your request for an official opinion asking, in effect:
 If an administrative officer has a conflict of interest in one proceeding before his/her administrative tribunal, would that same officer have a conflict of interest in all proceedings before that administrative tribunal?
To answer your question, we must first examine the particular agency in question to see if that agency has a specific "conflict of interest" statute. Numerous agencies have such statutes, yet each may contain something slightly different than another "conflict of interest" statute. Examination of such statutes may reveal whether a conflict of interest exists for any administrative officer.
On countless occasions Courts have interpreted these statutes and articulated the test used in determining if a conflict of interest exists.
The object of conflict of interest statutes or rules is to remove or limit the possibility of personal influence which might bear upon an official's decision. Yetman v. Naumann, 492 P.2d 1252 (Ariz. 1972);United States v. Mississippi Valley Generating Co., 364 U.S. 520, 81 S.Ct. 294,5 L.Ed.2d 268 (1961).
As the Supreme Court appropriately stated:
 "The statute is thus directed not only at dishonor, but also at conduct that tempts dishonor. This broad proscription embodies a recognition of the fact that an impairment of impartial judgment can occur in even the most well-meaning men when their personal economic interests are affected by the business they transact on behalf of the Government." Mississippi Valley Generating Co., 364 U.S. at 549.
Conflict of interest statutes are a result of the development of common law. Legislatures have enacted statutes to clearly articulate the common law understanding. Thus, the same reasons exist for an officer disqualifying himself/herself even if no specific conflict of interest statute is present. The test articulated by the U.S. Supreme Court and courts in other jurisdictions would apply in all situations.
Many of the cases that address this issue involve judges. However, the same standards of disqualification for conflict of interest as apply to judges, also apply to administrative tribunals. Hill v. Dept. of Laborand Industries, 580 P.2d 636 (Wash. 1978).
In order to disqualify, the interest of a judge must be in the subject matter of the case, not merely the legal questions or theories presented by the case or hearing. Holt v. Holt, 102 P. 187 (Okla. 1909), Edwardsv. Carter, 29 P.2d 605 (Okla. 1933).
In determining whether an officer is interested in the result of a cause or hearing, the value or amount of his/her interest is regarded as immaterial. "But the interest must be a financial or property interest in the result of the action, and it must be direct and immediate, not uncertain or speculative. In other words, there must be an ascertainable financial or property interest in the result of the proceeding itself; a mere interest in an abstract question that may be involved in the cause and which may later arise in some future independent litigation, not yet begun, is insufficient.'' State v. Churchwell, 195 So.2d 599, 600, 601
(Fla. 1967).
Such a test as to whether a conflict of interest exists has been expressed by the Oklahoma Supreme Court. In Mackey v. Crump, 153 P.1128 (Okla. 1915), the Court said the interest must be immediate "and that a remote, uncertain, or speculative interest was not sufficient.'' Id. at 1130. In that case, the Court held that since the precise pecuniary liability of the Judge was so direct and certain as to be susceptible of mathematical demonstration, a conflict of interest existed so as to disqualify the judge in the case.
The Supreme Court of our neighbor state has expressed the same thoughts:
 "We now declare, in accord with what appears to be the American rule, that an `interest' necessary to disqualify a judge must be a present pecuniary interest in the result . . . and not some indirect, remote, speculative, theoretical or possible interest." State v. Scarborough, 410 P.2d 732, 734
(N.M. 1966).
In closing, we note the language from the Washington Supreme Court. Though this case concerned judges, as stated earlier in this Opinion, the same philosophy governs administrative officers when sitting in a judicial capacity:
 "The principle of impartiality, disinterestedness, and fairness on the part of the judge is as old as the history of courts; in fact, the administration of justice through the mediation of courts is based upon this principle. It is a fundamental idea, running through and pervading the whole system of judicature, and it is the popular acknowledgment of the inviolability of this principle which gives credit, or even toleration, to decrees of judicial tribunals. Actions of courts which disregard this safeguard to litigants would more appropriately be termed the administration of injustice, and their proceedings would be as shocking to our private sense of justice as they would be injurious to the public interest. The learned and observant Lord Bacon well said that the virtue of a judge is seen in making inequality equal, that he may plant his judgment as upon even ground. Caesar demanded that his wife should not only be virtuous, but beyond suspicion; and the state should not be any less exacting with its judicial officers, in whose keeping are placed not only the financial interests, but the honor, the liberty, and the lives of its citizens, and it should see to it that the scales in which the rights of the citizen are weighed should be nicely balanced." State ex rel. Barnard v. Board of Education of City of Seattle, 52 P.317, 320, 321 (Wash. 1898).
Clearly, the cases indicate that each proceeding before an administrative board must be examined on the facts of that situation to determine if a conflict of interest exists. Whether a conflict of interest in one proceeding would cause a conflict of interest in another proceeding can only be determined by the facts presented or circumstances surrounding each such proceeding. The facts or circumstances of the second proceeding must be examined in light of the test or standard illustrated in this opinion regarding disqualification due to a conflict of interest.
It is, therefore, the official opinion of the Attorney General that anadministrative officer would be disqualified to sit in a proceeding dueto a conflict of interest, if that officer has a direct and im mediatepersonal or pecuniary interest in the proceeding, not just an interestthat may be indirect, remote, speculative, uncertain, theoretical, ormerely possible. Each proceeding must be examined on the facts andcircumstances surrounding that proceeding to determine whether such aconflict of interest exists.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL