# DURAN ROOFING, INC. v METROPOLITAN DADE COUNTY CONSTRUCTION TRADES QUALIFYING BOARD

Case No. 86-294 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

August 20, 1987

## APPEARANCES OF COUNSEL

Neil Flaxman and Richard D. Katz for appellant.

Robert A. Ginsburg, County Attorney, and Gary A. Siplin, Assistant County Attorney, for appellee.

Before HENDERSON, NADLER, SALMON, JJ.

183

## OPINION OF THE COURT

SALMON, Judge.

On issue before this Court is whether Appellant demonstrated a legally sufficient fear that he was denied a fair hearing because of the tribunal's bias or prejudice against him.

On August 14, 1986, Appellee, Metropolitan Dade County Construction Trades Qualifying Board, held a formal hearing on five charges against the Appellant, Duran Roofing, Inc. and Bernardo Duran as Qualifying Agent. The five-member board found the Appellant guilty of charges 1 and 2, and not guilty of charges 3, 4 and 5. In connection with charge 1, the Appellant was fined $1,000 and received a letter of reprimand. As to charge 2, the board moved to revoke Appellant's license and fine him $1,000, but the vote failed. One of the board members then moved to revoke his license and increase the fine to $2,500, and the vote passed.

On March 11, 1987, Appellant filed an affidavit stating that in 1984, as President of Duran Roofing, Inc., he hired an attorney to collect the balance of a fee owed to his company from a contracting company. The fee was collected and Appellant states that "mutual dislike" arose between Duran Roofing, Inc. and the contracting company. Appellant also states that although unknown to him at the time of the hearing, the board member who moved to impose a harsher fine on charge 2, was an officer of the contracting company he had been involved with adversarily. On March 12, 1987, Appellee denied the Appellant's request for a rehearing and Appellant appealed to this Court for a review of the record below.

Section 38.10, Fla. Stat. (1983) provides for disqualification of a judge when a party shows by affidavit that he fears he will not receive a fair trial because of bias or prejudice against him.[1] The fundamental purpose underlying the statute is to insure public confidence in the integrity of the judicial system. See *Hayslip v. Douglas*, 400 So.2d 553 (Fla. 4th DCA 1981). It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind, and the basis for such feeling. . . . If [the allegations] are not frivolous or fanciful, they are sufficient to support a motion to disqualify on the ground of prejudice. *State ex rel. Brown v. Dewell*, 131 Fla. 566, 179 So.2d 695, 697-98 (1938).

---

[1] Although the statute by its terms applies to the judiciary, it may also serve s a guidelines in the instant case. See *State ex rel. Allen v. Board of Public Instruction of Broward County*, App., 214 So.2d 7 (1968), and *City of Tallahassee v. Florida Public Service Com'n*, 441 So.2d 620 (1983).

Although the Appellant may have no basis in reality for his fear, we find the affidavit is legally sufficient because it is not frivolous or fanciful and may reasonably support such a fear.

Therefore, we believe the underlying purpose of the statute will be best served by granting a new hearing absent the board member who was adversarily involved with the Appellant.

Reversed and remanded for a new hearing consistent with this opinion.