STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS
FOR FLORIDA, *et al.,* v. RALPH G. COOKSEY

4 So. (2nd) 253
En Banc
Opinion Filed October 15, 1941

*Hull, Landis & Whitehair, Francis P. Whitehair* and
*John L. Graham,* for Appellants;

*M. Lewis Hall, B. M. Skelton, Wm. Kaleel* and *Tyrus
A. Norwood,* for Appellee.

BUFORD, J.—Appellee, pursuant to our disposition
of this cause by our opinion and judgments filed here
on the 30th day of May, 1941, and the 18th day of

July, 1941, respectively, has now presented his Motion praying that he be allowed to file herein an extraordinary petition for rehearing. He contends that the statute involved, Chapter 17950, Acts of 1937, is unconstitutional and void because, as he alleges, it contravenes the Fourteenth Amendment to the Federal Constitution and he avers that this Court failed to adjudicate the question of the constitutionality of the Act.

The contention appears to be that because a majority of the State Board of Funeral Directors and Embalmers of Florida are required under the terms of the statute to be funeral directors and embalmers, the Board is not a fair and impartial functionary. Appellee relies on the cases of Carter v. Carter Coal Co., 298 U. S. 238, 56 Sup. Ct. 855, 80 L. Ed. 1160; State *ex rel.* Miller v. Aldridge, 212 Ala. 660, 103 Sou. 835; Tumey v. State of Ohio, 273 U. S. 510, 50 A.L.R. 1243, and other cases of like tenor.

We have considered the cases cited and many others. Our conclusion is that the cited cases are not applicable to the case at bar. The Carter Coal Co. case involved the question of the power of Congress to adopt the Act there under consideration and the delegation of legislative power. Such questions are not in this case.

Under the statute which constitutes the basis for this proceeding the Board of Funeral Directors and Embalmers is not empowered to regulate, direct or dictate the conduct of the business of any funeral director or embalmer. The Board is not empowered to fix standards of conduct nor to prescribe rules of conduct, nor to fix standards of fees and charges. Nor may the Board even establish rules of fair prac-

tice to be adhered to by licensees. The Board is authorized to issue certificates of qualification or licenses to those who meet the requirements of the statute determined on examination and, after full, open and free hearing, on charges in writing preferred, to determine as a fact-finding body whether or not a licensee has violated the terms of the statute, *supra,* by committing an act therein denounced as ground for suspension or revocation of license and embraced in the charge made, and, if the Board finds as a matter of fact that the licensee has been guilty of the act charged and specifically denounced by the statute, then it is authorized to enter its order suspending or revoking the license of the licensee.

The standards of conduct are fixed by the statute.

It appears to us that there are no principles in this case parallel to those involved in the Carter Coal Co. case, *supra.*

Under the statute, the licensee is required to have timely written notice of the charges which have been preferred against him, as well as the opportunity to be heard by himself and/or counsel, and to cross-examine witnesses against him and to produce witnesses in his own behalf on the hearing. All these things were done in the instant case.

There is nothing presented in the record to show that any member of the State Board had any personal interest, either direct or indirect, in the result of the hearing. Nor was any objection interposed to any member of the Board participating in the hearing.

The statute amply provides due process by establishing standards of conduct in the legislative Act, by providing for an open, free and fair hearing after timely notice and also providing for speedy and ade-

quate judicial determination of the licensee's rights under the charges made and the record of the evidence produced. If the licensee feels aggrieved by the action of the Board, he may have the record made at the hearing transmitted to the Circuit Court and upon the record so presented the Court will determine the sufficiency of the charge, the sufficiency and legality of the proof, and enter its order either sustaining, modifying or reversing the order of the Board, and all *without any presumption being indulged to support the action* taken by the Board. The matter becomes in the Circuit Court a judicial proceeding for the determination of the rights of the licensee and not for the adjudication of errors. If the charge is found sufficient and to be supported by a preponderance of legal proof, the Court enters its judgment accordingly. On appeal to the Supreme Court the action of the Circuit Court on the record presented is reviewed with the presumption indulged of the correctness of the judgment of the Circuit Court. Herein lies the difference between the principles involved in this case and those which were involved in Stahl v. Board, 187 Iowa 1342, 175 N.W. 772, 11 A.L.R. 185, and like cases.

Neither the Board of Funeral Directors and Embalmers nor any member thereof, is made to occupy any inconsistent position by the terms of the statute. It is true that a member of the Board might be disqualified to act in a particular case by reason of personal interest or prejudice and, when such condition is made to appear, the Board should act without the participation of that member.

The *record* as presented to the Circuit Court and as presented to this Court presented no basis for adjudi-

cation of the constitutionality of the Act, nor does it show the violation of the constitutional rights of the appellee licensee and, therefore, the motion to be allowed to file extraordinary petition for rehearing should be and is denied. The mandate in this cause having been recalled our opinions and judgments heretofore entered, *supra,* be and they are now adhered to and the mandate is now ordered to be transmitted to the Circuit Court.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN and ADAMS, J. J. concur.

THOMAS, J.—I agree to the order because of the provision of Rule 25 that but one petition for rehearing shall be filed.