(No. 40476.—■■■■■■■■■■■)
ANTHONY HASWELL, Appellant, *vs.* PAUL POWELL, Secretary of State, Appellee.

*Opinion filed September 29, 1967.*

ANTHONY HASWELL, of Chicago, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and ROBERT F. NIX, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal involves the constitutionality of section 6—206 of the Illinois Motor Vehicle Law (Ill. Rev. Stat. 1965, chap. 95½, par. 6—206) which authorizes the Secretary of State to suspend or revoke a driver's license under certain circumstances. Plaintiff, Anthony Haswell, was convicted of three offenses against traffic regulations governing the movement of vehicles within a twelve-month period, and acting pursuant to statute the Secretary of State notified plaintiff that his right to drive would be suspended for four months. An administrative hearing resulted in an order of the Secretary of State on November 10, 1965, suspending plaintiff's right to drive for ninety days. Plaintiff's complaint for administrative review resulted in an order by the circuit court of Cook County affirming the Secretary's decision. Plaintiff, having properly preserved his constitutional claims, appeals directly to this court.

The statute, insofar as it is applicable here, provides:

"(a) The Secretary of State is authorized to suspend or revoke the license or permit of any person without preliminary hearing upon a showing by his records or other sufficient evidence that such person:

\* \* \*

2. Has been convicted of not less than 3 offenses against traffic regulations governing the movement of vehicles committed within any 12 month period so as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways; conviction upon 3 charges of violation of Section 49 of the

Uniform Act Regulating Traffic on Highways committed within a period of 12 months shall be deemed grounds for the revocation or suspension of a license or permit under this section, * * *;

* * *

"(c) 1. Upon suspending or revoking the license or permit of any person as hereinbefore in this Section authorized, the Secretary of State shall immediately notify such person in writing of the order revoking or suspending the license or permit. * * *

2. At the conclusion of a hearing pursuant to Section 2—117, the Secretary of State shall either rescind or continue an order of revocation or shall substitute an order of suspension therefor; or, good cause appearing therefor, rescind, continue, change or extend his order of suspension."

Plaintiff insists that the application of the statute unconstitutionally deprives him of a valuable right without due process of law. The Secretary of State, however, insists that the statute is valid as a reasonable exercise of the police power.

In support of his contention plaintiff insists that driving a motor vehicle is a right, freedom or liberty, while the Secretary suggests that it is a privilege that is subject to administrative regulation. Such an exercise in semantics provides no answer to the question of the validity of the statute before us. Whether the operation of a motor vehicle is termed a right or a privilege, we think it clear that such operation is subject to regulation under the police power. (*Pierce* v. *Carpentier,* 20 Ill.2d 526.) We conceive the issue to be whether the statute under attack is a reasonable exercise of this power. Considering the ever-increasing death toll on our highways we view the suspension of a driver's license after conviction of three moving violations to be a reasonable exercise of the police power for the safety of persons on the highway.

Plaintiff, however, argues that the suspension is punishment for past illegal conduct and can only be imposed after a judicial proceeding. We do not agree. The operation of a motor vehicle is subject to such reasonable regulation as the legislature may prescribe, and the application of such regulation is an administrative matter, civil in nature. The action of the Secretary in suspending plaintiff's license was not an exercise of judicial power and not violative of article III of the constitution of Illinois relating to the separation of powers. As we pointed out in *Cermak Club, Inc.* v. *Illinois Liquor Control Com.,* 30 Ill.2d 90, the doctrine of separation of powers does not preclude an administrative adjudication of facts sufficient to apply legislative rules for the revocation of licenses.

Since the present proceeding is civil and administrative in character, the requirements of due process have been met by giving plaintiff notice and the opportunity to be heard. (*Brotherhood of Railroad Trainmen* v. *Elgin, Joliet and Eastern Railway Co.,* 382 Ill. 55.) Nor were plaintiff's rights violated by the fact that both the hearing officer and the attorney presenting the facts were agents of the Secretary of State. *Marcello* v. *Bonds,* 349 U.S. 302, 99 L. Ed. 1107.

We have also considered plaintiff's contentions that the statute is void for uncertainty and that the discretion vested in the Secretary denies the plaintiff equal protection of the laws, and find both contentions to be without merit. We have examined similar statutory provisions and we find that the Illinois statute sets forth sufficiently clear standards to govern the administration of the legislative policy. (*Cf. Damer* v. *Hass,* 257 Ia. 654, 134 N.W.2d 534; *Anderson* v. *Commissioner of Highways,* 267 Minn. 308, 126 N.W.2d 778; *Johnson* v. *Sanchez,* 67 N.M. 41, 351 P.2d 449; *Ross* v. *MacDuff,* 309 N.Y. 56, 127 N.E.2d 806.) There is also nothing to indicate that all drivers are not treated alike under like circumstances and conditions, which is all that

the constitutional provision for equal protection of the law commands.

We therefore conclude that the statute in question is a clear and proper exercise of the police power and was fairly applied to the plaintiff. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*