**COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Kenneth Eugene THOMAS, Appellee.**

Court of Appeals of Kentucky.

March 12, 1971.

As Modified on Denial of Rehearing June 18, 1971.

Mary Jo Arterberry, Dept. of Public Safety, Division of Driver Licensing, Frankfort, for appellant.

No appearance for appellee.

**336**

CULLEN, Commissioner.

On February 15, 1968, Kenneth Eugene Thomas, a resident of Kentucky, pleaded guilty in the State of New York to the offense of driving a motor vehicle there while his ability was impaired by alcohol, and a judgment of conviction was entered against him. Notice of the conviction was sent to the Kentucky Department of Public Safety, and acting pursuant to KRS 186.-570(2) the department suspended Thomas' motor vehicle operator's license for a period of six months, commencing as of the date of the New York conviction.[1] The department so advised Thomas by letter. In accordance with KRS 186.580(2) he replied stating that he was aggrieved by the suspension and that unless the department withdrew the suspension he would appeal to the quarterly court. The department did not withdraw the suspension and Thomas did appeal to the quarterly court, which heard the matter *de novo* and entered judgment voiding the suspension. As authorized by KRS 186.580(3) the department appealed to the circuit court, which in turn heard the matter *de novo,* but entered judgment that Thomas' license be suspended for a period of 45 days commencing, if no appeal be taken, at the expiration of the time for taking an appeal, or if an appeal be taken and the judgment be affirmed, then at the time of issuance of the mandate of affirmance.

The Department of Public Safety has appealed from the judgment of the circuit court, and makes but one contention, that the circuit court had jurisdiction only to sustain the department's action in toto or to reverse it in toto, and not to substitute a different period of suspension. This contention throws us into the troublesome area of the law of administrative due process and of judicial review of administrative action.

We believe we cannot determine the scope of judicial review exercisable under KRS 186.580 without first determining what requirements of due process procedures are to govern the Department of Public Safety in taking action under KRS 186.570, which is the section providing for *discretionary* suspensions. It is to be observed that KRS 186.570 provides that the department may deny or suspend a license (or withdraw the operating privilege of a nonresident) *"with or without hearing"* whenever it "has reason to believe" that certain facts exist with respect to the person in question. It is our conclusion that to the extent that the statute authorizes such a denial, suspension or withdrawal without affording the opportunity for a hearing it is unconstitutional as denying due process. And it is our opinion that the hearing must be an *evidentiary* one, with customary due process features such as the making of a record and findings of fact. Cf. Morris v. City of Catlettsburg, Ky., 437 S.W.2d 753; Gentry v. Ressnier, Ky., 437 S.W.2d 756. Our reasons for those conclusions are as hereinafter set forth.

---

1. We note some inconsistencies in the statutes in regard to suspension of licenses in cases of *convictions.* KRS 186.560 provides for *mandatory* revocation upon receipt by the department of a record of the licensee's conviction of any of certain enumerated offenses. This statute does not say that it applies only to *Kentucky* convictions. KRS 186.570 provides for *discretionary* suspension, *with or without receiving a record of conviction,* when the department has reason to believe that the licensee has committed an offense for the conviction of which mandatory revocation is provided by KRS 186.-560. KRS 186.570 further provides for *discretionary* suspension upon receipt by the department of notice of the conviction of the licensee in another state of an offense there which if committed here would be ground for suspension. It would seem that in order to reconcile the two statute sections KRS 186.560 must be construed as applying only to *Kentucky* convictions, and so much of KRS 186.570 as purports to provide for a discretionary suspension when the department receives a record of a Kentucky conviction (by the phrase "with or without receiving a record of conviction") is inoperable as to offenses covered by KRS 186.50 because if given effect it would nullify KRS 186.560.

The legislature in KRS 186.570 has chosen to vest primary authority for denial or suspension of motor vehicle operators' licenses, with *discretion* both as to the act of denial or suspension and as to the period of denial or suspension, in an *administrative* agency. We think that this is entirely appropriate, because the function is one particularly adaptable for administrative handling. And to the extent that *discretion* is involved, it is not a function properly to be imposed on the courts. See American Beauty Homes Corp. v. Louisville, Ky., 379 S.W.2d 450.

The function having been designated for administrative exercise, however, it must be exercised in accordance with constitutional requirements of due process. As to every one of the grounds enumerated in KRS 186.570 for denial or suspension of a license there may be an issue of *fact*. Due process requires that the person whose license or application is involved be afforded upon request an evidentiary hearing at which the fact issue is to be tried and at which the person may present arguments addressed to the exercise of the agency's discretion. It is true that in Sturgill v. Beard, Ky., 303 S.W.2d 908, this court said that a licensee has no "vested property right" in his operator's license and that the regulations of the Department of Public Safety establishing the "Point System," under which a license will be suspended upon penalty points assessed for convictions of traffic violations, did not constitute a denial of due process, because (1) the points were assessed only for convictions and (2) provision was made for an appeal to the quarterly court. What we said in *Sturgill* cannot stand, however, in the face of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, and Bell v. Burson, 402 U.S. —, 91 S.Ct. 1586, 29 L.Ed.2d 90, the latter of which held not only that an automobile operator's license was such an important *right* that its termination must be attended with a due process hearing, but that the hearing must *precede* the termination, a post-termination hearing not being enough. On the latter point we call attention also to Roberts v. Noel, Ky., 296 S.W.2d 745, in which this court held that the opportunity for a de novo appeal did not under the circumstances there presented overcome the harm of a denial of due process at the original trial level.

■ If, as we hold, there must be an evidentiary hearing at the administrative level, with a record and findings of fact, then there is no occasion for *de novo* review by the courts. The question for review is whether the agency's action was arbitrary on the basis of the record on which it acted. Morris v. City of Catlettsburg, Ky., 437 S.W.2d 753. We need not determine whether the legislature *could* provide for a de novo appeal, according to the particular applicability of American Beauty Homes Corp. v. Louisville, Ky., 379 S.W.2d 450, or of Osborne v. Bullitt County Board of Education, Ky., 415 S.W.2d 607, because it will be assumed that the legislature intended, when there has been an administrative hearing, that there be judicial review on the issue of arbitrariness rather than a de novo trial. See Barnes v. Turner, Ky., 280 S.W.2d 185. That intent has been made clear by a 1970 amendment to KRS 186.-580, by Chapter 74 of the Acts of 1970, which provides that judicial review of discretionary suspensions shall be by independent action brought in the circuit court.

To the extent that Sturgill v. Beard, Ky., 303 S.W.2d 908, and Commonwealth, Dept. of Public Safety v. Glasscock, Ky., 415 S. W.2d 106, hold that there shall be a de novo trial on an appeal under KRS 186.580 they are overruled.

We expressly reserve the question, not raised by the appellant but lurking discernibly in the background, of whether and to what extent the validity of KRS 186.570 may be affected by its failure to specify any limit on the discretion of the Department of Public Safety as to the *period* of a denial or suspension of a license.

■ Our holding in this opinion does not require that the particular judgment here on appeal be reversed. The holding is in support of the due process rights of the license holder or applicant, who in this instance is Thomas. He has not appealed from the judgment and is not asking for any relief in this court.

What we are saying in answer to the specific question posed by the appellant department is that since the department did not afford Thomas a due process hearing before suspending his license the circuit court should have nullified entirely the order of suspension; and since the circuit court, by merely amending the order as to the length of the period of suspension, gave the order more validity than it was entitled to, the department has no ground to complain. Whether the circuit court could reduce the period of a suspension fixed by an order of the department after a due process hearing is a question not before us.

The judgment is affirmed.

All concur.