**ATLANTA ATTRACTIONS, INC., a Georgia Corporation d/b/a the Buccaneer Inn, et al., Plaintiffs,**

v.

**Sam MASSELL, individually and as Mayor of the City of Atlanta, and as an ex officio member of the Police Committee of the Board of Aldermen of the City of Atlanta, et al., Defendants.**

No. 15361.

United States District Court,
N. D. Georgia.
Atlanta Division.

Sept. 8, 1971.
Reconsideration Denied Oct. 22, 1971.

O. H. Williamson, Atlanta, Ga., for plaintiffs.

Henry L. Bowden, City Atty., J. C. Daugherty, Asst. City Atty., Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Plaintiffs own the Buccaneer Inn whose liquor license was revoked by defendants. Plaintiffs contend that the revocation deprived them of their property without due process of law, in violation of the Constitution, and they bring suit pursuant to 42 U.S.C. § 1983 (1964) and seek an order declaring that the revocation is null and void and must be set aside. During the pendency of this suit plaintiffs withdrew their claim for damages. The court finds it has jurisdiction over this matter under 28 U.S. C. § 1343(3) (1964).

On May 11, 1971, the Atlanta Chief of Police sent a letter to plaintiff Patton which said, in part:

"This is to advise you that the Atlanta Police Department will present to the Police Committee of the Board of Aldermen at 2:00 P.M., on Friday, May 28, 1971, evidence that your manager has been intoxicated on several occasions and your establishment has been allowed to be used as a hang-out for known prostitutes.

"The Police Committee will be requested to revoke the license issued to The Buccaneer Inn, under Sec. 5–48, Volume II, of the Code of Ordinances of the City of Atlanta."

The hearing took place May 28th and plaintiffs were represented by counsel. During the hearing members of the Police Department gave testimony concerning the presence of prostitutes on the premises of the Buccaneer Inn and the apparent drunkenness of the manager. One of the policemen testified that the Inn had never been cited for a violation

prior to May 11, 1971. No mention was made throughout the entire hearing of any specific ordinance or law which the Inn or its owners had violated. After the hearing the Board of Alderman recommended the revocation of the Inn's license, and the Mayor approved this recommendation.

Section 5–48 of the Atlanta Code of Ordinances provides for the revocation of a liquor license only upon a showing of "due cause" which is defined as

"* * * the violation of any laws or ordinances regulating such businesses, or violation of regulations made pursuant to authority granted for the purpose of regulating such businesses, or for the violation of any state or federal law, or for the violation of any city ordinances other than the traffic ordinances." Atlanta Code of Ordinances § 5–48(b) (1965).

■ The revocation of a liquor license involves state action that adjudicates the vital interest of the licensee to engage in a livelihood. As a result, such revocation may not take place without the procedural due process required by the Fourteenth Amendment. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964). Thus if the Mayor and the Board of Aldermen revoked plaintiffs' license without even finding "due cause" as defined in Section 5–48 of the Atlanta Ordinances, they acted unconstitutionally.

Defendants claim that plaintiffs violated Section 5–73 of the Atlanta Ordinances because prostitutes were found on the premises of the Inn. Section 5–73 states, in part:

"It shall be unlawful to permit any disturbance of the peace or obscenity or any lewd, immoral or improper entertainment, conduct, or practices on [all licensed] premises." Atlanta Code of Ordinances § 5–73 (1965).

■ The mere presence of prostitutes on the premises of the Inn does not constitute a violation of this ordinance.

■ Defendants, also contend that plaintiffs violated a state law which forbids furnishing alcoholic beverages to intoxicated persons and habitual drunkards. Georgia, Code Ann. § 58–1061 (1965). They say that the manager of the Inn was intoxicated because he drank alcoholic beverages furnished by the owners of the Inn. Assuming plaintiffs violated Section 58–1061 of the Georgia Code, such violation is grounds for revocation of their license only because Section 5–48 of the Atlanta Ordinances says a liquor license can be revoked for violation of *any* state law. That provision of Section 5–48 is patently overbroad. If, for example, the wife of the owner of the Buccaneer Inn were running the refreshment stand at a church bazaar at which she sold lemonade and assorted nuts, and one evening she asked her husband to buy her a bag of pecan nuts for her stand since she had run out of them, and he went out and bought the pecans, he could lose his liquor license because Georgia law forbids the purchase of pecan nuts for resale between sunset and sunrise. Georgia Code Ann. § 84–2606 (1970). That portion of Section 5–48 of the Atlanta Ordinances which permits the revocation of a liquor license for the violation of *any* state law suffers from "overbreadth" and must be struck as unconstitutional. *See, e. g.,* Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).

Since defendants have not shown that the revocation of plaintiffs' liquor license was for "due cause", it follows that the revocation was arbitrary and effected without the procedural due process required by the Fourteenth Amendment.

Therefore, the court declares that the revocation of plaintiffs' license for the retail sale of alcoholic beverages for consumption on the premises of the Buccaneer Inn is null and void, and the court orders that this revocation be set aside by defendants.