**ATLANTA ATTRACTIONS, INC., a Georgia Corporation d/b/a the Buccaneer Inn, et al., Plaintiffs,**

v.

**Sam MASSELL, individually and as Mayor of the City of Atlanta, and as an ex officio member of the Police Committee of the Board of Aldermen of the City of Atlanta, et al., Defendants.**

**Civ. A. No. 15361.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 22, 1971.

O. H. Williamson, Atlanta, Ga., for plaintiffs.

Henry L. Bowden, City Atty., John E. Dougherty, Asst. City Atty., Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

On motion for reconsideration defendants now concede that the clause in Atlanta, Ga.Code § 5–48 (1965) which states that "due cause" for the revocation of a liquor license shall consist of the violation of any state law is overbroad and unconstitutional. However, they contend the court glossed over that part of § 5–48 which states:

" 'Due Cause' for the suspension or revocation of such license shall consist of the violation of *any laws* or ordinances *regulating such businesses* * * * " (Emphasis added.)

Defendants argue that this portion of § 5–48 means they may revoke plaintiffs' liquor license if they violated any state law regulating the sale of alcoholic beverages. They contend that [1965] Ga.Code Ann. § 58–1061 is such a law and that plaintiffs violated it by furnishing alcoholic beverages to the manager of the Buccaneer Inn. Therefore, defendants conclude, the revocation of the license was proper. The court can-

not accept either defendants' premise or their conclusion.

The portion of § 5–48 quoted above clearly refers to laws regulating *"such businesses"* and not merely laws regulating the sale of alcoholic beverages as defendants claim. Since the rest of § 5–48 and the entire Code Article in which it is found refer to businesses licensed to sell alcoholic beverages, "such businesses" means such businesses licensed to sell alcoholic beverages. There is a specific city ordinance, Atlanta, Ga.Code § 5–68 (Supp. 6, 1966) which prohibits such licensees from selling alcoholic beverages to intoxicated persons, and had plaintiffs violated this ordinance their license would have been properly revoked. But [1965] Ga.Code Ann. § 58–1061 is not a law "regulating such businesses"; it is a law regulating the furnishing of alcoholic beverages by *any* person. This section was enacted as part of the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors, some of whose provisions squarely regulate state liquor licensees and so state. Section 58–1061, however, is not one of those provisions, as its language reveals.[1] Indeed, in the only reported case the court has found which deals with this section, an assistant manager at a local hotel was alleged to have furnished liquor to an intoxicated guest. Henry Grady Hotel Co. v. Sturgis, 70 Ga.App. 379, 28 S.E.2d 329 (1943). Although the phrase "any person" which appears in § 58–1061 includes, of course, liquor licensees, that does not make that section a law regulating "such businesses" any more than *any* state law which refers to "any person" is a law regulating liquor licensees.

The court also notes that the record of the hearing before the Police Committee of the Atlanta Board of Aldermen does not reveal any evidence that plaintiffs

---

1. The section states:

"Any person who by himself or another shall furnish or cause to be furnished or permit any person in his employ to furnish alcoholic, spirituous. liquors, or beverages to any minor, to any person who is noticeably intoxicated, or to any habitual drunkard whose intemperate habits are known to such person, shall be guilty of a misdemeanor, and, upon conviction, shall be punished as for a misdemeanor."

violated [1965] Ga.Code Ann. § 58–1061. Although there are references that the manager of the Inn had been drinking on the premises when policemen visited, there was no evidence that plaintiffs furnished the alcoholic beverages to him or that he was either "noticeably intoxicated" or an "habitual drunkard."

Since [1965] Ga.Code Ann. § 58–1061 is not a law regulating businesses which sell alcoholic beverages, defendants cannot rely upon it as a basis for revoking plaintiffs' liquor license.

Accordingly, the relief requested by defendants' motion for reconsideration is denied.

It is so ordered.

