ATLANTA ATTRACTIONS, INC., d/b/a
the Buccaneer Inn, et al., Plaintiffs-
Appellees,

v.

Sam MASSELL, individually and as May-
or of the City of Atlanta, etc., et al.,
Defendants-Appellants.

No. 72–1152.

United States Court of Appeals,
Fifth Circuit.

July 31, 1972.

Henry L. Bowden, John E. Dougherty, Atlanta, Ga., for defendants-appellants.

O. H. Williamson, Atlanta, Ga., for plaintiffs-appellees.

Before WISDOM and INGRAHAM, Circuit Judges, and BOOTLE, Senior District Judge.

BOOTLE, Senior District Judge:

The Mayor and Board of Aldermen of the City of Atlanta appealed from the District Court's judgment, 330 F.Supp. 865, 332 F.Supp. 914, setting aside their revocation of a license for the retail sale of alcoholic beverages for consumption on the premises of the Buccaneer Inn. We affirm.

The license was issued to Howard S. Patton, and Buccaneer Inn operated under it. The Inn is owned by Atlanta Attractions, Inc. d/b/a the Buccaneer Inn, G. A. Crutchfield being its president and majority stockholder. Patton received a letter from the Chief of Police advising him that at a designated time and place the Police Department would present evidence to the Police Committee of the Board of Aldermen: first, "that your manager [E. T. Roper, then manager] has been intoxicated on several occasions"; and, second, that "your estab-

lishment has been allowed to be used as a hang-out for known prostitutes", and that the Police Committee would be requested to revoke the license under Section 5–48,[1] Volume II, of the Code of Ordinances.

The scheduled hearing was held at which the City properly assumed the burden of establishing "due cause" for revocation by attempting to prove violations of laws or ordinances regulating the business of selling alcoholic beverages at retail. 53 C.J.S. Licenses § 44b (1948), at page 651, teaches that:

"A license may be revoked for the specific reasons enumerated by statute or ordinance, but, where the act or ordinance enumerates the causes for which a license may be revoked, it cannot be revoked for any cause not enumerated."

No mention was made at the hearing of any specific ordinance or statute which the Inn, its owners, or the licensee, had violated, but with respect to Charge One, *supra,* the City apparently relied upon a violation of Ga.Code Ann. § 58–1061[2]; and with respect to Charge Two, *supra,* it apparently relied upon a violation of Section 5–73,[3] Atlanta Code of Ordinances. It so relies now. After the hearing, the Board of Aldermen recommended the revocation of the license and the Mayor approved the recommenda-

tion. The license being thus revoked, the plaintiffs-appellees, Atlanta Attractions, Inc. d/b/a the Buccaneer Inn, G. A. Crutchfield, and Howard S. Patton, successfully sued in the Court below under 42 U.S.C. § 1983 to set aside the revocation.

The trial court ruled that so much of Ordinance 5–48 as authorizes revocation "for the violation of any state or federal law, or for the violation of any city ordinances other than the traffic ordinances" is patently overbroad and hence unconstitutional. It ruled also that the remaining portion of said ordinance authorizing revocation for "the violation of any laws or ordinances regulating such businesses, or violation of regulations made pursuant to authority granted for the purpose of regulating such businesses" does not justify the revocation for two reasons: (1) Ga.Code Ann. § 58–1061 is not a statute "regulating such businesses"; and (2) the City did not produce sufficient evidence to warrant a finding that either Ga.Code Ann. § 58–1061 or Section 5–73, Atlanta Code of Ordinances had been violated.

We agree with the District Court that no violation was proved by the evidence and that for that reason the revocation of the license was unauthorized. With respect to Roper's being intoxicated, Charge One, the evidence, at

1. "Sec. 5–48. Grounds for suspension or revocation; notice; hearing.

"(a) No license which has been issued or which may hereafter be issued by the city to any licensee hereunder shall be suspended or revoked, except for due cause as hereinafter defined, and after a hearing and upon a prior five-day written notice to the holder of such license of the time, place and purpose of such hearing and a statement of the charge upon which such hearing shall be held.

"(b) 'Due cause' for the suspension or revocation of such license shall consist of the violation of any laws or ordinances regulating such businesses, or violation of regulations made pursuant to authority granted for the purpose of regulating such businesses, or for the violation of any state or federal law, or for the violation of any city ordinances other than the traffic ordinances."

2. "58–1061. Sales to minors, intoxicated persons and habitual drunkards prohibited.—Any person who by himself or another shall furnish or cause to be furnished or permit any person in his employ to furnish alcoholic, spirituous liquors, or beverages to any minor, to any person who is noticeably intoxicated, or to any habitual drunkard whose intemperate habits are known to such person, shall be guilty of a misdemeanor, and, upon conviction, shall be punished as for a misdemeanor. (Acts 1937–38, Extra Sess., pp. 103, 118)."

3. "5–73. It shall be unlawful to permit any disturbance of the peace or obscenity or any lewd, immoral or improper entertainment, conduct, or practices on [any licensed] premises."

most, showed that on one occasion he had been observed standing outside the club with an unspecified drink in his hand, that on occasions he had been observed in the club drinking, that on several occasions he had been observed either drinking *or* under the influence of drugs, and that on one occasion he was getting obnoxious with the officers, stating to them that he had rented the place, it was just like his home, and if he wanted to drink there he could. The evidence does not show that he was ever actually intoxicated, or that he was an habitual drunkard, or that, even so, the licensee or other appellees furnished alcoholic drinks to him. With respect to the alleged improper practices on the part of the prostitutes, Charge Two, we agree with the District Court that their mere presence on the premises does not constitute a violation of Ordinance 5–73. The furthest reach of the evidence on this score is that they were present on numerous occasions and were seen milling around both inside and outside the club. The president and majority stockholder testified that it had not come to his attention that these people were prostitutes, that he did question it himself as to why these people were there, that he would like it better if they were not there but that he and his manager were at a loss to know how to prevent the admission into a public place of persons who came properly attired, paid the admission price, and behaved themselves. This evidence in its totality would not justify a finding that the management "permit[ted] any disturbance of the peace or obscenity or any lewd, immoral or improper entertainment, conduct, or practices on [any licensed] premises." Ordinance 5–73.

No violations having been shown, we affirm on that ground and find it unnecessary to consider whether any portion of Ordinance 5–48 is constitutionally void for overbreadth, as found by the lower court, or whether Ga.Code Ann. § 58–1061 is or is not a statute "regulating" retail liquor businesses, the lower court having found that it is not.

Affirmed.