SPECTOR, Acting Chief Judge.
This is a petition for certiorari review of a final order entered by the Department of Highway Safety and Motor Vehicles revoking petitioner’s driver’s license for a period of five years as a result of his having been classified as an habitual traffic offender pursuant to Section 322.264 and Section 322.27(5), Florida Statutes, F.S.A.
The former statutory provision provides in material part the following:
“322.264 Habitual traffic offender defined. — An ‘habitual traffic offender’ is any person whose record, as maintained by the department of highway safety and motor vehicles, shows that such person has accumulated the convictions for separate offenses described in subsections (1), (2) and (3), committed within a five-year period:
% ;{c % i}c %
“(2) Fifteen (15) convictions for moving traffic offenses for which points may be assessed as set forth in section 322.27, Florida Statutes, including those offenses in subsection (1).”
The latter statutory provision provides:
“322.27(5) The department shall revoke the license of any person designated an habitual offender, as set forth in section 322.264, and such person shall not be eligible to be relicensed for a minimum of five (5) years from the date of revocation. Any person whose license is revoked may, by petition to the department, show cause why his license should not be revoked.
“(6) Review of an order of suspension or revocation shall be by writ of certio-rari as provided in chapter 120, Florida Statutes, the uniform administrative procedure act.”
*354 Subsection (6) of Section 322.27 merely provides for review of an order of revocation or suspension by writ of certiorari as provided by Chapter 120, Florida Statutes, F.S.A., in the manner generally provided for review of quasi-judicial orders of administrative agencies.
Petitioner contends that he was denied procedural due process when he was denied a hearing following his request therefor. However, the record belies that contention. It clearly appears that following the respondent’s order of revocation dated July 18, 1973, the petitioner under date of September 14, 1973, filed a “Petition to Show Cause” why his license should not be revoked which is in conformance with Section 322.27(5), Florida Statutes, F.S.A. In said petition, a hearing was requested to consider the averments therein made. A hearing was held on November 1, 1973, before a reviewing officer of the respondent agency at which petitioner and his counsel were present.
The hearing proceeded quite informally with petitioner being sworn only on his own suggestion. The respondent’s reviewing officer apparently felt that the only issue upon which cause could be shown why the license should not be revoked was whether the petitioner had in fact been convicted of the requisite number of moving traffic offenses so as to justify the classification of the driver as an habitual offender. To that end, the computerized record was reviewed and petitioner agreed that the record was correct and that he had been convicted of the fifteen offenses to support the classification.
Although petitioner conceded that he was an habitual offender as defined by statute, he contends that mitigating circumstances exist in that his numerous traffic offenses were caused by a chemical imbalance which resulted in his hypomanic behavior, which condition was being controlled by medication at the time of the hearing. In support thereof petitioner submitted in evidence an affidavit of his treating physician which tended to bear out his claim as to the latter part of the five-year period involved. However, no medical explanation was made for the first three years during which petitioner accumulated fourteen traffic convictions.
In the face of this record, we cannot say that the respondent departed from the essential requirements of law in revoking petitioner’s license for five years. The legislature expressly provided that the driver’s license of an habitual offender “shall” be revoked “for a minimum of five years” [Sec. 322.27(5), Florida Statutes, F.S.A.], and that is precisely what the respondent agency did. No provision was made in the law for mitigation in cases of habitual offenders. Indeed, while the legislature provided for permission to use a suspended or revoked license on a restricted basis in cases of serious hardship which precludes one from engaging in his or her normal business or employment to support oneself or his or her family, persons whose driver’s license are revoked as an habitual offender were expressly excepted from being qualified for restricted use of their license for business purposes. Section 322.271, Florida Statutes, F.S.A. We cannot amend the legislatively enacted scheme for traffic regulation by extending driving privileges to those from whom the legislature has withheld the privilege if the basis for withholding them bears a reasonable relationship to public safety. There can be little doubt that the habitual traffic offender law is valid, Zarsky v. State, 281 So.2d 553 (Fla.App.1973), and has as its salutory purpose the preservation of the lives and health of those who use the highways.
While we sympathize with petitioner’s plight, it is our view that respondent’s order revoking his license is in keeping with the Supreme Court’s holding in City of Miami v. Aronovitz, 114 So.2d 784, 789, where the court said:
One cannot overlook the importance of the public’s claim to protection against incompetent dangerous or *355 unqualified motor vehicle operators. It is not inappropriate to remind that the provision in the Preamble to our Federal organic document that suggests its approval to ‘secure the Blessings of Liberty to ourselves and our Posterity’, is preceded by the commitment that the charter was also promulgated to ‘promote the general Welfare’. In matters of the type before us, it is essential that we recognize the individual right and that we simultaneously reconcile the enjoyment of that right with the needs of the general good.”
Petition for certiorari is denied.
BOYER and McCORD, JJ., concur.