STATE of Iowa, Appellee,

v.

Steven Lane RANDALL, Appellant.

No. 60347.

Supreme Court of Iowa.

Nov. 23, 1977.

Gary W. Kazragis, of Rickert & Thompson, Reinbeck, for appellant.

Richard C. Turner, Atty. Gen., Ray W. Sullins, Asst. Atty. Gen., and David H. Correll, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals the trial court's judgment sentencing him to a term of not to exceed two years upon his jury conviction of violating §§ 321.560 and 321.561, The Code. These sections proscribe operating a motor vehicle after being convicted as an habitual traffic offender. Defendant contends (1) the trial court abused its discretion in sentencing him, and (2) was in error in the procedure employed in sentencing. We affirm the trial court.

The facts leading up to defendant's conviction are not in dispute. Code section 321.555 defines an habitual offender. Section 321.560 provides alternative periods during which habitual offenders shall not be licensed to drive in this state. Section 321.561 provides:

"It shall be unlawful for any person convicted as an habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.560. Any person guilty of violating the provisions of this section shall upon conviction be punished by imprisonment in the penitentiary for not more than two years and not-

withstanding the provisions of section 687.2 [defines a felony as a public offense which may be punished by imprisonment in the penitentiary, men's reformatory or women's reformatory], such conviction shall constitute a misdemeanor and not a felony."

Following defendant's conviction the trial judge ordered the department of Black Hawk County court services to make a presentence investigation. The presentence investigation report was considered by the trial court in deciding defendant's sentence.

I. We have discussed the scope of our review of criminal sentences in a number of recent cases including *State v. Peckenschneider*, 236 N.W.2d 334 (Iowa 1975):

" * * * It remains for the trial court to determine * * * whether the convicted person receives an indeterminate prison sentence or jail sentence or fine or some combination of such punishments. Section 789.15, The Code. Under § 793.18, The Code, we have retained authority to reduce the punishment thus imposed but not to determine the length to be served under an indeterminate sentence.

"In a long line of cases we have consistently said the determination of whether to sentence a defendant to jail or assess a fine rather than sentencing him to imprisonment in the penitentiary is addressed to the sound discretion of the trial court. (Authorities). These cases also note the trial court has similar discretion on the question of probation." *Peckenschneider*, supra, 236 N.W.2d at 347–348. See also *State v. Smith*, 244 N.W.2d 325, 326 (Iowa 1976); *State v. Hutchison*, 243 N.W.2d 560, 561 (Iowa 1976).

■ We find no abuse of the trial court's discretion. Defendant's long record of traffic violations and numerous juvenile offenses indicate he was the sort of motor vehicle driver the legislature had in mind when this statutory offense was created and the punishment therefor prescribed.

■ Defendant asks us to interpret § 321.561 in such a way as to call for much closer scrutiny of trial court sentencing for this offense than for other offenses. He notes a misdemeanant under this section is to be punished in the same manner as a felon. This punishment was however prescribed specifically by the legislature. We believe the legislative purpose ·is clear. There is nothing to indicate the legislature intended for violators of this section to be singled out for greater sentencing protection. See *State v. Randall*, 258 N.W.2d 359 (Iowa 1977). Defendant's contention is without merit.

■ II. Defendant also argues the violators of this offense could be denied safeguards such as a presentence investigation, the right of allocution, notification of the right to appeal, (and notification of other rights upon a guilty plea). These complaints are of course "borrowed." Here a presentence investigation was ordered and utilized. All defendant's procedural rights were carefully guarded and accorded him. Defendant himself suffered no injury or prejudice and cannot be heard to complain because he can conjecture that other persons might. Cf. *City of Des Moines v. Lavigne*, 257 N.W.2d 485, 488 (Iowa 1977).

Defendant also suggests we adopt for this offense the views expressed by our minority in *Peckenschneider*, supra. This we decline to do.

As both defendant's contentions are without merit the judgment of the trial court is hereby affirmed.

AFFIRMED.

All Justices concur except REYNOLDSON, J., who concurs in the result.