STATE of Iowa, Appellee,

v.

Donald Lee NICHOLS, Appellant.

No. 60379.

Supreme Court of Iowa.

April 19, 1978.

Diane L. Dornburg, Muscatine, for appellant.

Richard C. Turner, Atty. Gen., John G. Mullen, Asst. Atty. Gen., and David W. Newell, Muscatine County Atty., for appellee.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the constitutionality of the Iowa statute requiring revocation of Iowa driver's licenses for stated periods upon a specified number of convictions of certain offenses. Code 1975, §§ 321.555–321.562. The cited sections became effective on July 1, 1974. See 65 G.A. ch. 1193; Code 1975, § 3.7. Our references will be to the 1975 Code.

Section 321.555(1) provides so far as material to this appeal:

As used in this division, "habitual offender" means any person who has accumulated convictions for separate and distinct offenses . . . committed after July 1, 1974, as follows:

1. Three or more convictions within a six-year period, of the following offenses, either singularly or in combination: . . .

b. Driving a motor vehicle while under the influence of an alcoholic beverage or a controlled substance as defined in section 204.101.

c. Driving a motor vehicle while operator's or chauffeur's license is suspended or revoked. . . .

Section 321.556 provides so far as material here that the commissioner of public safety shall certify abstracts of the convictions of a person who appears to be an habitual offender to the county attorney of the county where the person resides, and the county attorney shall thereupon file a petition in district court against the person.

Section 321.557 makes the certified abstracts prima facie evidence that the person therein named was convicted of the offenses shown on the abstract.

Section 321.558 provides that the district court shall enter an appear-and-show-cause order, which shall be served upon the person.

Section 321.559 provides the court shall dismiss the petition if it finds that the person is not the individual named in the abstract or that the person is not an habitual offender; but if the court finds the person is an habitual offender, it shall direct that the person not operate a motor vehicle on the highways of this state for the period specified in § 321.560 and that the person surrender all operator's licenses or permits to drive in this state.

Section 321.560 provides so far as material:

A license to operate a motor vehicle in this state shall not be issued to any person declared to be an habitual offender under section 321.555, subsection 1 for a period of six years from the date of judgment.

Section 321.561 makes operation of a motor vehicle contrary to § 321.560 a misdemeanor punishable by imprisonment for two years.

Finally, § 321.562 provides that the foregoing sections do not repeal other laws.

By virtue of §§ 321.209 and 321.210 of the Code, a person found to be an habitual offender under the foregoing sections is not eligible for a temporary restricted license.

Defendant Donald Lee Nichols was convicted on January 6, 1975, of driving while under the influence of intoxicants, on June 15, 1976, of driving while his license was under suspension, and on July 9, 1976, of driving on another occasion while his license was under suspension.

The public safety commissioner certified abstracts of the convictions to the county attorney of the appropriate county, who proceeded in accordance with the foregoing sections. Defendant appeared and challenged the constitutionality of the sections, but the district court upheld them. After hearing, the court prohibited defendant for six years from driving on Iowa highways. Defendant appealed.

On first impression defendant's appeal appears to mount a procedural due process attack on the sections, similar to those in *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90, and *Dixon v. Love,* 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172. Upon closer scrutiny, however, we discover that defendant founds his challenge on substantive due process.

At bottom, defendant's complaint is that he should be allowed to show mitigating facts—as that he actually is not a scofflaw, he in fact is not a dangerous driver, and he greatly needs a driver's license in his particular circumstances. His attack is on the power of the legislature to lay down an invariable rule: so many violations of certain offenses within a given period results in no driving privileges for a specified time. Does the legislature have constitutional authority to lay down the rigid and severe sanction which the foregoing sections impose, or must the legislature include discretion in the license-revocation procedure?

■ The legislature has authority under the police power to provide for the suspension or revocation of drivers' licenses on public safety grounds. *Reitz v. Mealey,* 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21; *Kesler v.*

*Department of Public Safety of Utah,* 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641, overruled on other grounds, *Swift & Co. v. Wickham,* 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194. See *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (overruling *Reitz* and *Kesler* as to effect of bankruptcy act upon nonpayment of civil damage judgments—not involved here). As stated in *Spurbeck v. Statton,* 252 Iowa 279, 290, 106 N.W.2d 660, 666, "The giving or suspending or revocation of licenses to operate motor vehicles on the public highways is clearly within police power of the state." See also *Danner v. Hass,* 257 Iowa 654, 134 N.W.2d 534; *Sueppel v. Eads,* 261 Iowa 923, 156 N.W.2d 115; *State v. Robbins,* 257 N.W.2d 63 (Iowa); *State v. Randall,* 258 N.W.2d 359 (Iowa); *State v. Randall,* 259 N.W.2d 543 (Iowa).

■ After examining decisions in analogous situations, we conclude that the statutory sections before us involve a policy determination which is within the constitutional authority of the legislature in the exercise of the police power. *Zaba v. Motor Vehicle Div., Department of Revenue,* 183 Colo. 335, 516 P.2d 634; *Zarsky v. State,* 300 So.2d 261 (Fla.); *Chaitkin v. Department of Highway Safety & Motor Vehicles,* 294 So.2d 352 (Fla.App.); *Haswell v. Powell,* 38 Ill.2d 161, 230 N.E.2d 178, app. dism. 390 U.S. 712, 88 S.Ct. 1408, 20 L.Ed.2d 250; *Sturgill v. Beard,* 303 S.W.2d 908 (Ky.), overruled on other grounds, *Commonwealth, Dept. of Public Safety v. Thomas,* 467 S.W.2d 335 (Ky.); *Barbieri v. Morris,* 315 S.W.2d 711 (Mo.); *Stauffer v. Weedlun,* 188 Neb. 105, 195 N.W.2d 218, app. dism. 409 U.S. 972, 93 S.Ct. 307, 34 L.Ed.2d 236; *State v. Malone,* 9 Wash.App. 122, 511 P.2d 67. See also *Jacobs v. City of Chariton,* 245 Iowa 1378, 65 N.W.2d 561; *Ebert v. Short,* 199 Iowa 147, 201 N.W. 793; *Atlanta Attractions, Inc. v. Massell,* 463 F.2d 449 (5 Cir.); *Hope v. Contractors' State License Bd.,* 228 Cal.App.2d 414, 39 Cal.Rptr. 514; *State Bd. of Cosmetology v. Maddux,* 162 Colo. 550, 428 P.2d 936; *State Bd. of Funeral Directors v. Cooksey,* 147 Fla. 337, 3 So.2d 502, aff'd, 148 Fla. 271, 4 So.2d 253; *Kravis v. Hock,* 136 N.J.L. 161, 54 A.2d 778;

*Amador v. New Mexico State Bd. of Education,* 80 N.M. 336, 455 P.2d 840; *Hinshaw v. McIver,* 244 N.C. 256, 93 S.E.2d 90; Annos. 5 A.L.R.3d 690, 9 A.L.R.3d 756.

We therefore uphold the judgment of the district court.

AFFIRMED.