**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Harold G. REDERTH, Defendant and Appellant.**

**No. 14787.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1985.

Decided Nov. 13, 1985.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre (Mark V. Meierhenry, Atty. Gen., Pierre, on brief), for plaintiff and appellee.

Richard Hopewell, of Hopewell & Schmidt, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

Pursuant to a plea bargain agreement, Rederth pled guilty to charges of D.W.I., second offense and D.W.I., third offense. Following a presentence report, he was sentenced on the second offense to 120 days in the county jail. The sentence on the third offense, essentially provided:

(1) That Defendant's driver's license be suspended for ten years, and,

(2) That Defendant serve 18 months in the South Dakota State Penitentiary with time spent in the Moody County Jail having been considered in determining the term of such sentence. We affirm.

Rederth claims the prison sentence is out of proportion to the nature of the charge. The only supporting authority cited is *Robinson v. State of California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In that case, the Court held that punishment was out of proportion to the offense charged because the defendant was sentenced as a "status" offender for being a "narcotic addict" without defining any act or behavior constituting a crime under California law and punishable by incarceration. In this case, Rederth is neither charged with, nor punished for, the status or condition of being an alcoholic, but rather for the act of driving or being in control of a motor vehicle while under the influence of alcohol.

■ The sentence imposed was within statutory limits. SDCL 32–23–3, –4, and SDCL 22–6–1, –2. Rederth does not claim that the sentence fails to meet any proportionality criteria set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). *See also State v. Weiker*, 366 N.W.2d 823 (S.D.1985).

Rederth, however, requests this court to take judicial notice of the fact that Native American misdemeanants are charged, convicted and sentenced to serve time in the South Dakota State Penitentiary as felons under SDCL 32–23–4 in discriminately higher numbers than white misdemeanants similarly charged for three or more D.W.I. offenses. He contends that a higher percentage of white D.W.I. offenders, in comparison to Native American D.W.I. offenders, maintain their status as misdemeanants and avoid application of SDCL 32–23–4 and resultant prison sentences.

■ Appeals are decided entirely on the record received from the trial court. This court cannot take new evidence on appeal, SDCL 15–26A–47, or take judicial notice of facts subject to reasonable dispute. SDCL 19–10–2. While we can take judicial notice of facts generally known or capable of accurate and ready explanation by sources whose accuracy cannot reasonably be questioned, *see*, e.g., *Gravning v. Zellmer*, 291 N.W.2d 751 (S.D.1980), Rederth's sentence does not meet this criteria. *See* SDCL 19–10–2.

■ Rederth claims the sentencing court failed to credit him for time already served in jail. The record reveals otherwise. In pronouncing sentence, the court stated that the time Rederth had been in the county jail was considered in determining the term of the penitentiary sentence. This complies with the requirements expressed in *State v. Graycek*, 335 N.W.2d 572, 574 (S.D.1983), to the effect that in non-life prison sentences, credit must be given for all presentence custody resulting from indigency. In *Graycek*, we held that a similar pronouncement adequately took full cognizance of Graycek's presentence incarceration. *Id.* at 574–75.

Appellant seems to urge an additional claim regarding the suspension of his driver's license. However, we experience difficulty identifying what is claimed. We must accordingly dismiss this contention as being without merit.

The conviction is affirmed.

MORGAN, Justice, HERTZ, Acting Justice, and DUNN, Retired Justice, concur.

HENDERSON, Justice, concurs in result.

HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, participated.

DUNN, Retired Justice, sitting for WUEST, Circuit Court Judge, Acting as a Supreme Court Justice, disqualified.

HENDERSON, Justice (concurring in result).

In concurring in the result of this opinion, I wish to cite my concurrence in result in *State v. Janssen,* 371 N.W.2d 353, 356 (S.D.1985). My writing in *Janssen* sets forth my beliefs and authorities in sentencing. It is vital that statistics, criteria, history of cases, studies and court records be introduced at the trial court level so that this Court can make an enlightened appellate review either as to (a) the proportionality or disproportionality under the Eighth Amendment, or (b) the encumbering of a sentence because a defendant has exercised his constitutional right to a jury trial. We have an insufficient record below to determine if Rederth's constitutional rights were violated. For a summary of cases in the United States on the power of a trial court to suspend or revoke the operation of a motor vehicle driving license, *see State v. Nichols,* 264 N.W.2d 765 (Iowa 1978). How broad is the police power in South Dakota? Is ten years a "reasonable regulation under the police power of the state"? *See Matter of Hansen,* 298 N.W.2d 816 (S.D.1980). Under the decision of *Nichols,* Iowa had a state statute restricting the sanction to six years. In South Dakota, is the sanction limitless—such as a lifetime? Perhaps the state legislature, in its infinite wisdom, will someday speak.