STATE of Iowa, Appellant,

v.

Kent Theodore TUITJER, Appellee.

No. 85–1395.

Supreme Court of Iowa.

April 16, 1986.

Thomas J. Miller, Atty. Gen., Mark Hunacek, Asst. Atty. Gen., and Habbo Fokkena, Co. Atty., for appellant.

David J. Mansheim of Klinkenborg, Hansmann & Mansheim, Parkersburg, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE and LAVORATO, JJ.

WOLLE, Justice.

The State brought this action pursuant to Iowa Code sections 321.555–.562 (1985) to revoke defendant's driver's license on the ground that he had accumulated three convictions for operating a motor vehicle while intoxicated (OWI) during the preceding six-year period. The parties agree that the trial court had authority to adjudge defendant an habitual offender and revoke his license for two years. *See* Iowa Code § 321.560 (authorizing revocation of driver's license of an habitual offender for not less than two nor more than six years). The State, however, appeals from that part of the trial court's judgment which gave defendant credit against the two-year license revocation for the accumulated two years of prior license revocations which had resulted from the three individual OWI convictions. We conclude that the trial court was without authority to grant that credit. The effect of the credit would be to reduce the period of license revocation below the two-year statutory minimum prescribed for habitual offenders. We reverse that part of the judgment and remand the case for entry of a judgment authorized by statute.

Several Iowa statutes provide for the suspension or revocation of the driving privileges of persons who have been arrested for or convicted of OWI offenses. Persons suspected of committing an OWI offense who refuse to submit to chemical testing risk revocation of operating privileges for periods of time dependent upon whether they have previous revocations. *See* Iowa Code §§ 321B.3–.15 (1985). Persons who submit to chemical testing and test positive for intoxication also risk loss of operating privileges for specified periods. Iowa Code § 321B.16 (1985). When a person is convicted of OWI, the sentencing court must order revocation of the defendant's driver's license for the period prescribed by an appropriate subsection of the OWI statute, Iowa Code section 321.281 (1985). Moreover, the Iowa Department of Transportation is under a mandatory statutory duty to revoke the driver's license of any person who has been convicted of an OWI offense. Iowa Code § 321.209(2) (1985). In several recent opinions we have outlined the history and purposes of these

statutes. *See, e.g., Pietig v. Iowa Department of Transportation,* 385 N.W.2d 251, 253 (Iowa 1986) (explaining recent amendments by which Iowa Code § 321.209(2) and Iowa Code ch. 321B have been harmonized); *Lenning v. Iowa Department of Transportation,* 368 N.W.2d 98, 103 (Iowa 1985) (harmonizing Iowa Code §§ 321.281 and 321B.16).

Overlaid upon these several statutes is the habitual offender statute, found in Iowa Code sections 321.555–.562 (1985), which provides a specific statutory procedure for revoking the driver's license of certain repeat offenders "for a period of not less than two years nor more than six years from the date of judgment as ordered by the court." *Id.* § 321.560. This habitual offender statute survived a constitutional challenge in *State v. Nichols,* 264 N.W.2d 765, 767–68 (Iowa 1978). We have repeatedly held its purpose is to protect the public from persons who persistently disobey laws governing drinking and driving. *State v. Peterson,* 347 N.W.2d 398, 402 (Iowa 1984) (relying in part on purpose of statute in upholding consideration of out-of-state convictions of driving while intoxicated); *State v. Marvin,* 307 N.W.2d 10, 12 (Iowa 1981) (relying on purpose of habitual offender provisions in harmonizing them with provisions of § 321.281 affecting driving privileges); *State v. Thomas,* 275 N.W.2d 422, 423 (Iowa 1979) (two convictions arising out of same incident may constitute two offenses for purpose of habitual offender provisions, which are "designed to protect the public from those drivers who refuse to observe the rules of prudence and safety").

Defendant was correctly adjudged an habitual offender; he was convicted of OWI on three occasions as a result of incidents which occurred in 1982, 1983 and early 1985. Defendant's operating privileges had been revoked for four months in 1982, for eight months in 1983, and for one year in early 1985 as a result of those three separate OWI convictions. The only issue in this appeal concerns that part of the district court judgment which effectively nullified the two-year revocation selected by the court. The judgment concluded with this challenged paragraph:

In the light of the fact that the defendant shall, early in 1986, have completed two year's suspension for the three violations as set forth in the plaintiff's petition, the court hereby orders the Motor Vehicle Department to give the defendant credit for the two years of suspension he will have accumulated early in the year 1986 and that shall offset the two year's suspension that the court has heretofore in this order imposed.

The State contends that the district court had no authority to shorten the minimum two-year period of revocation in that or any other manner. Defendant counters that the district court had discretion to add that language, because the statute refers to entry of an "appropriate" judgment and does not specifically prohibit credit for previous license revocations.

Only the State's argument holds water. The habitual offender statute does speak to the matter of discretion of the district court, and that discretion is explicitly limited by Iowa Code section 321.559, which states in pertinent part:

If the court finds that the defendant is an habitual offender, the court *shall by appropriate judgment direct* that such person not operate a motor vehicle on the highways of this state for the period specified in section 321.560.

(Emphasis added.) Section 321.560 provides in pertinent part:

A license to operate a motor vehicle in this state shall not be issued to any person declared to be an habitual offender under section 321.555, subsection 1 for *a period of not less than two years nor more than six years* from the date of judgment as ordered by the court.

(Emphasis added.)

When a statute is plain and its meaning is clear, we do not search for meaning beyond its express terms. *Elliott v. Iowa Department of Public Safety,* 374 N.W.2d 670, 672 (Iowa 1985); *State v. Rich,* 305 N.W.2d 739, 745 (Iowa 1981). This statute

unequivocally provides that the court by its judgment shall direct that the habitual offender be removed from the highways for two to six years, the only discretion being to choose within that time frame. *See Nichols*, 264 N.W.2d at 766. Iowa Code section 4.1(36)(a)(1985) provides that unless otherwise specifically provided, "[t]he word 'shall' imposes a duty." *See State v. Moyer*, 382 N.W.2d 133, 134 (Iowa 1986). Section 321.559 plainly imposed upon the district court the duty to enter a judgment prohibiting defendant, an habitual offender, from operating his vehicle for at least two years, the prescribed minimum statutory revocation period.

Even if the statutory language were unclear, the objectives of our several license-revocation statutes mentioned herein would prevent habitual offenders from receiving credit for revocations that attend individual drunk driving incidents. The statutes removing drivers from the highway for individual OWI arrests and convictions do not reach the separate problem posed by repeat offenders. The legislature determined that the public should receive additional protection from those persons for at least two years. The district court had no authority to shorten that statutory two-year minimum. *See State v. Steffens*, 282 N.W.2d 120, 123 (Iowa 1979) (McCormick, J., concurring specially) ("[T]he trial court lacked authority to shorten the period of revocation by allowing credit for an earlier suspension."); *State v. Onstot*, 268 N.W.2d 219, 220 (Iowa 1978) (trial court had no discretion to select a past date from which to have the revocation period run).

We reverse the judgment entered by the district court because it contained unauthorized language granting defendant credit for past periods of revocation. We remand with directions that an appropriate judgment be entered directing the department to revoke defendant's operator's license for a period of not less than two nor more than six years.

REVERSED AND REMANDED WITH DIRECTIONS.